█ In the Matter of the Claim of Louis Heller, Respondent, v. Frahell Realty Corp. et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board made on the basis of reduced earnings for continuing partial disability from March 15, 1955 due to a myocardial infarction sustained October 30, 1952, the carrier having paid awards for the period prior to March 15, 1955 and asserting here that there is no substantial evidence of any causally related disability after that date. Appellants seem to attach compelling weight to the fact that claimant's cardiologist, who testified to continuing disability, did not examine claimant from a time prior to the March 15, 1955 award date until some 26 months after it, and to the fact that hospital records indicated that claimant went through a prostatectomy without cardiac symptoms or medication; but the weight and significance of this evidence was in each case for the board. The evidence supporting the award seems to us substantial. Dr. Bernstein in his 1952 and 1953 reports expressed his opinion that a permanent defect and permanent partial disability existed and on July 20, 1954 testified to permanent partial disability. (Cf. *Matter of Matthews* v. *Inter-Chemical Corp.,* 5 A D 2d 914.) Dr. Boas on November 16, 1954 testified to permanent heart damage. Dr. Rothman, who had examined claimant prior to March 15, 1955 examined him again on May 10, 1957 (and examined and prescribed for him on May 23, 1957 after a heart episode intervening those dates). Upon the May 10 examination he found that the condition resulting from the 1952 infarction was permanent, progressive and disabling. He testified on September 19, 1957, that in his opinion claimant was disabled in March, 1955 and continued to be disabled, basing his opinion on "the normal course of events in these cases * * * the average course of events, plus the observations * * * made on May 8, 1957 and May 23, 1957". Appellants' experts attributed disability to an underlying sclerotic condition (one of them assigning "most of the disability" to that disease and "slight disability" to the heart attack) and both stated that claimant could resume his work in the management of an apartment house, although his duties included making repairs and climbing flights of stairs. Each expert did, however, concede some limitation on his ability to work. Claimant said that he had not worked since 1955. Appellants cite *Matter of Galvin* v. *Bethlehem Steel Co.* (9 A D 2d 564) in support of their position but in that case there was no medical evidence of any continuing disability nor, indeed, any medical or other evidence from which such might be inferred, and the point of the decision was the holding that no legal presumption of continuing disability exists. In this case no such theory is asserted. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.