■ In the Matter of the Claim of WILFRED SCHNEIDER, Respondent, v. BUFFALO CRUSHED STONE CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 22, 1972. Claimant, a welder, sustained a compensable injury to his back on April 6, 1966 while carrying a piece of steel plate. Subsequent awards were made for temporary total disability and for reduced earnings. On November 21, 1969 the case was closed with a finding of no further causally related disability. Claimant moved to Florida in October of 1969. The case was thereafter reopened on the basis of a C-27 dated August

10, 1970 and a report dated March 3, 1970 submitted by claimant's examining orthopedic surgeon to the effect that claimant was unable to work due to a soft bulging disc and nerve root irritation related to the injury of April 6, 1966 and that hospitalization for myelography was necessary. The doctor testified that he had examined claimant on March 3, 1970 and March 24, 1970. Claimant testified that he had not been examined or treated for his back condition since he saw the doctor in March of 1970. The board determined, on the basis of the medical evidence, that causally related partial disability was established, resulting in a 50% earning capacity and awarded claimant benefits from March 3, 1970 to February 23, 1972 at reduced earnings. Appellants maintain this was error. The sole issue is whether there is substantial evidence to sustain the board's determination. Upon the present record there is no support for the finding of causally related disability subsequent to March 24, 1970. Claimant's doctor did not see him after that date, nor did he testify that claimant's condition was permanent, or, if temporary, it would continue for any length of time. (*Matter of Cespedes* v. *Herman & Potok Painting Co.*, 28 A D 2d 764.) We find no evidence which would warrant an inference that claimant's disability continued beyond March 24, 1970. There is no presumption, as urged by claimant, that a proven disability continues until proof to the contrary is shown. (Cf. *Matter of Galvin* v. *Bethlehem Steel Co.*, 9 A D 2d 564.) Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Staley, Jr., Sweeney, Main and Reynolds, JJ., concur; Herlihy, P. J., dissents and votes to affirm in the following memorandum. Herlihy, P. J. (dissenting). There was substantial evidence in the record to sustain the finding of the board.