■ In the Matter of the Claim of MICHELLE SMITH, Respondent, v COMMUNITY RESOURCE CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [716 NYS2d 744] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 27, 1999, which ruled that payment of workers' compensation benefits to claimant continue at a tentative rate.

When claimant sustained a work-related injury in March 1998, the employer continued to pay her full wages and did not contest her claim for workers' compensation benefits. In May 1998, the employer's consulting physician examined claimant and filed a report stating that claimant was no longer disabled. Thereafter, the employer stopped paying benefits. Claimant apparently returned to work for several weeks in June 1998, but—as of July 1, 1998—was unable to continue and her physicians filed reports which concluded that she was disabled and unable to work as a result of the same work-related injury. On August 17, 1998 claimant's attorney requested an expedited hearing reporting that claimant was totally disabled and not receiving benefits. A hearing was scheduled for December 21, 1998 to consider, *inter alia,* the period and extent of claimant's disability. At the hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) established what he characterized as a "tentative rate" based upon the most recent medical reports, each of which were made by claimant's attending physicians and which indicate partial disability subsequent to July 1, 1998. The employer objected and requested the

testimony of claimant and her physician. The WCLJ, refusing to change his award of a tentative rate, directed the employer to have claimant examined by its consulting physician and continued the case for an independent medical exam and further proceedings. The Workers' Compensation Board affirmed the award at the tentative rate, prompting this appeal.

The employer contends that the WCLJ was required to grant an adjournment before setting a rate for the period subsequent to July 1, 1998 to allow the employer the opportunity to cross-examine claimant's physician (*see*, 12 NYCRR 300.10 [c]). Considering that claimant was not receiving benefits despite the medical reports of two physicians of her inability to work and that—after ample notice—the employer failed to have claimant examined or to request the appearance of claimant's physician at the scheduled December 1998 hearing, we see no abuse of discretion in the WCLJ's determination, especially given the tentative nature of the rate and the continuance for further development of the record (*see*, *Matter of Schulman v Lederle Labs.*, 232 AD2d 684; *Matter of Di Leonardo v Heathcote Fish Mkt.*, 97 AD2d 576, 577). Substantial evidence in the record supports the Board's finding that claimant was partially disabled during the period in question. In these circumstances there has been no denial of the employer's rights.

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.