■ In the Matter of the Claim of Anthony Iannelli, Respondent, v Lumelite Plastics Corporation et al., Appellants. Workers' Compensation Board, Respondent. [732 NYS2d 140] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 28, 1998, which ruled that claimant was to receive payments at a tentative rate pending further development of the record.

After the record in this controverted claim for workers'

compensation benefits was complete, the Workers' Compensation Law Judge (hereinafter WCLJ) filed a decision on December 10, 1997, finding "accident, notice and causal relationship for an injury to claimant's back arising out of and in the course of his employment, with a date of accident of [December 2, 1996]," and continued the case for awards of workers' compensation benefits. No Workers' Compensation Board review of this decision was sought by the workers' compensation carrier.

At the subsequent hearing the carrier requested, prior to any awards being made, the opportunity to take the testimony of a chiropractor who had treated claimant for a back injury that he allegedly suffered in a prior noncompensable motor vehicle accident. The WCLJ denied the request but authorized the carrier to produce a consultant's report. A decision, awarding claimant benefits at a temporary total disability rate of $160 per week, was filed February 12, 1998. Shortly thereafter, the carrier had claimant examined by its consultant who opined that claimant had a moderate, partial disability and apportioned 50% of the disability to his work-related injury and 50% to the motor vehicle accident. The carrier then filed a timely application for Board review of the WCLJ's February 12, 1998 decision, claiming that the WCLJ's refusal of its request to take the testimony of claimant's chiropractor was a denial of its constitutional right to due process. In a subsequent decision filed on March 31, 1998, the WCLJ reduced the weekly benefit to $80 and made the rate tentative from March 10, 1998, the date the carrier's consultant's report was filed.

On appeal to the Board, the carrier's constitutional argument was rejected as a thinly veiled attempt to relitigate the issues of accident, notice and causal relationship. The Board further found that the consultant's report of the carrier raised issues of apportionment and degree of disability and modified the WCLJ's February 12, 1998 and March 31, 1998 decisions to reflect that all awards were at a tentative rate, and continued the case for further development of the record on those issues.

The employer and the carrier (hereinafter collectively referred to as the carrier) appeal and we affirm. We find no violation of the concept of due process or prejudice to the carrier resulting from the Board's refusal to modify the amount of the award payable to claimant pending further development of the record. While the Board found that the consultant's report of the carrier served to create a medical controversy, it was not determinative thereof. Moreover, all awards were made tentative and the carrier was afforded the opportunity to fully develop the record on the issues of apportionment and degree

of disability (*see, Matter of Smith v Community Resource Ctr.*, 277 AD2d 791).

The carrier's due process claim, based upon its possible inability to recoup overpayments if apportionment is established, is belied by its own medical evidence which attributed 50% of claimant's disability to his work-related injury. On this record, benefits will continue to claimant from which the carrier would be able to recoup any overpayment thereof (*see,* Workers' Compensation Law § 22; *Matter of Lehsten v NACM-Upstate N. Y.,* 93 NY2d 368, 373; *Matter of Soper v Gouverneur Talc Co.,* 243 AD2d 1001, 1003).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.