■ In the Matter of the Claim of LESLIE S. KWINTNER, Appellant, v MADAMOISELLE PERSONNEL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 389] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed November 15, 2001, which ruled that claimant did not sustain a compensable injury.

Claimant filed a claim for workers' compensation benefits after she suffered a mental breakdown allegedly as a result of her employer's "verbal tirade" on April 18, 1996. The employer controverted the claim. Thereafter, various hearings were held during which the Workers' Compensation Law Judge (hereinafter WCLJ) requested that claimant submit prima facie medical evidence of a causally related psychiatric injury. When claimant failed to do so, the WCLJ found that claimant had not established a psychiatric injury and closed the case. While her appeal was pending before the Workers' Compensation Board, claimant submitted an August 13, 2001 report from her treating psychiatrist, which the Board apparently declined to consider. The Board upheld the WCLJ's decision, resulting in this appeal.

We affirm. Based upon our review of the record, substantial evidence supports the Board's decision that claimant did not submit prima facie medical evidence of a causally related psychiatric injury warranting an award of workers' compensation benefits. Although the record contains voluminous medical documentation concerning the treatment claimant underwent for her psychiatric condition, these documents fail to indicate a causal relationship between such condition and the April 18, 1996 incident at work. While there is a presumption of compensability contained in Workers' Compensation Law § 21 (1), such "presumption does not completely relieve [a] claimant of the burden to demonstrate that her injuries arose out of and in the course of her employment" (*Matter of Cartwright v On-*

*ondaga News Agency*, 283 AD2d 837, 837 [2001]; *see Matter of Estate of Hertz v Gannett Rochester Newspapers*, 272 AD2d 814, 814 [2000]). In proceedings before the WCLJ, claimant did not submit any medical proof to establish that her psychiatric injury arose out of and in the course of her employment. Although she did submit her psychiatrist's August 13, 2001 report while her appeal was pending before the Board, the Board did not abuse its discretion in declining to consider it given that claimant failed to offer a reason for not providing it to the WCLJ and did not include it with her original application for Board review (*see* 12 NYCRR 300.13 [g]; *Matter of Cutting v Richard W. Nezelek, Inc.*, 293 AD2d 829 [2002]). In any event, the report does not specifically link claimant's condition to the April 18, 1996 incident, but rather states generally that the exacerbation of her condition was precipitated by the hostile work environment that she experienced in April 1996. Therefore, we decline to disturb the Board's decision.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.