■ In the Matter of the Claim of IRVING ROTHE, Appellant, v UNITED MEDICAL ASSOCIATES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 842]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed January 13, 2003, which ruled, inter alia, that claimant was not entitled to an award of benefits for the period of March 10, 2002 through September 18, 2002.

On February 5, 1999, claimant, a physician, slipped while descending a set of stairs where he worked injuring his left foot and ankle. He filed a claim for workers' compensation benefits and a Workers' Compensation Law Judge (hereinafter WCLJ) established the case for a work-related injury to the left foot. Thereafter, the WCLJ expanded the claim to include an injury to claimant's back and, in various decisions, awarded him benefits of $400 per week from July 6, 1999 through February 15, 2002, and continuing thereafter. Subsequently, the employer and its workers' compensation carrier filed a request to suspend payments of compensation and, at an October 2, 2002 hearing, claimant submitted a September 18, 2002 medical report signed by a physician's assistant indicating that he continued to be unable to work. Based upon that report, the WCLJ extended the award of benefits from February 15, 2002 through October 3, 2002, and continuing thereafter. The employer and carrier sought review of that decision on the basis that there was insufficient medical evidence of a causally related disability during that time period. The Workers' Compensation Board agreed with respect to a portion of the time period at issue and, among

other things, rescinded the award from March 10, 2002 through September 18, 2002* resulting in this appeal.

Initially, we note that there is no presumption of continuing disability under the Workers' Compensation Law (*see Matter of Mercio v Globe Protection*, 74 AD2d 682, 682 [1980]; *Matter of Schneider v Buffalo Crushed Stone Co.*, 43 AD2d 780, 782 [1973]). Rather, the law requires a claimant's treating physician, following the submission of a preliminary report and a first treatment report, to submit progress reports of the claimant's continuing treatment to the chair, board, employer or carrier "at intervals of not less than three weeks apart or at less frequent intervals if requested on forms prescribed by the chair" (Workers' Compensation Law § 13-a [4] [a]). The regulations impose a time period of 22 days (*see* 12 NYCRR 325-1.3 [b] [3]), while the C-4 form devised by the Board requires progress reports every 45 days. Here, claimant did not comply with any of the time requirements. The only updated medical report which addressed claimant's continuing disability subsequent to the February 14, 2002 hearing was the report of a physician's assistant submitted at the October 2, 2002 hearing. The Board has consistently held that reports which are not signed by a physician do not constitute competent medical evidence of a continuing disability (*see Matter of River Mede Manor*, WCB Nos. 9950 4942, 9000 4793 [Aug. 22, 2002] [2002 WL 31025984]; *Matter of Albany City School Dist.*, WCB No. 5952 0168 [Nov. 21, 2001] [2001 WL 1527337]). The only medical evidence provided prior to that report was claimant's treating physician's C-4 report of January 23, 2002. That report, however, did not extend to the time period of March 10, 2002 through September 18, 2002. Furthermore, while it appears that another C-4 report of claimant's treating physician, based upon an examination on April 24, 2002, was provided to the Board on January 24, 2003, that submission was after the Board rendered its decision on January 13, 2003. Inasmuch as that report was not part of the administrative record, the Board was not obliged to consider it, particularly since claimant did not set forth any reasons for his failure to provide it to the WCLJ (*see* 12 NYCRR 300.13 [g]; *Matter of Kwintner v Madamoiselle Personnel*, 306 AD2d 711, 712 [2003]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The Board calculated March 10, 2002 as the last date for the timely submission of an updated medical report.