In the Matter of the Claim of PATRICIA MOREY, Appellant, v PRICE CHOPPER/GOLUB CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [793 NYS2d 642]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 26, 2003, which ruled that claimant was not entitled to an award of benefits for the period of September 30, 2002 through June 25, 2003.

Claimant sustained certain injuries following a slip and fall accident at her place of employment on March 13, 2001. The employer's workers' compensation carrier did not controvert claimant's subsequent application for benefits, and a Workers' Compensation Law Judge thereafter established the case and awarded claimant benefits from March 28, 2001 through September 30, 2002. When claimant returned to work in a part-time, light-duty capacity in October 2002, the employer and its carrier sought to suspend further payments. Following two hearings, a Workers' Compensation Law Judge ruled that claimant

had not timely submitted medical evidence to prove a continuing disability for the period of September 30, 2002 through June 25, 2003 and denied her request for reduced benefits. A Workers' Compensation Board panel affirmed the decision, and this appeal by claimant ensued.

We affirm. As the Board correctly observed, the most recent C-4 report submitted by claimant encompassed treatment rendered on June 25, 2002. Despite being advised at the April 2003 hearing held in this matter to "produce up to date causally related medical [data] to support [her] claim for reduced earnings," claimant submitted no C-4 reports beyond the June 25, 2002 treatment date. Instead, claimant tendered a consultation note and operative report from a pain management specialist dated December 2, 2002 and January 16, 2003, respectively, together with two office notes dated February 6, 2003 and March 10, 2003 that were not signed by a physician. These documents lack the prescribed form of C-4 progress reports and were not accompanied by any other reports submitted at the required time intervals (*see* Workers' Compensation Law § 13-a [4] [a]; 12 NYCRR 325-1.3 [b] [3]). Given that claimant bore the burden of proving a continuing disability, which is not presumed under the Workers' Compensation Law (*see Matter of Valentin v THB Intermediaries Corp.*, 10 AD3d 826, 828 [2004]) and, further, that she was expressly advised of the very documentation necessary to substantiate her claim, we find no error in the Board's decision to deny her claim for reduced benefits based upon claimant's failure to tender the required proof.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.