■ In the Matter of the Claim of LAWRENCE NICKENS, Respondent, v RANDSTAD et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [794 NYS2d 512]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 25, 2004, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant worked for a temporary employment agency (hereinafter the employer) and was often assigned to a job with a garbage collection company throwing trash into a garbage truck. On October 7, 2003, he got caught between an arm of the truck's hydraulic lift and the truck. He was lifted off the ground and pressed into the side of the truck, sustaining injuries that included multiple fractures to his lumbar and sacral vertebrae. He remained hospitalized until October 17, 2003. The employer

and its workers' compensation carrier (hereinafter collectively referred to as the carrier) contested the claim asserting, among other things, that claimant was engaged in the prohibited act of gathering deposit cans for personal use when the accident occurred. Following a March 2004 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that the injury was work-related, established average weekly wage at $260 (without prejudice) and awarded compensation at tentative rates of $173.33 for temporary total disability from October 7, 2003 to October 28, 2003 and, thereafter, at a moderate disability rate of $86.67. The carrier sought review from the Workers' Compensation Board contending that it had been denied cross-examination of claimant's treating physicians, denied an opportunity to present a witness regarding whether claimant was involved in a prohibited act, and denied cross-examination of claimant about his labor market attachment. The Board affirmed the WCLJ's decision prompting this appeal.

We affirm. With respect to the carrier's request to cross-examine claimant's physicians, the awards were tentative and there is no dispute that claimant sustained serious injuries. The WCLJ stated that the carrier could request an independent medical examination and the Board noted that claimant's physicians could be cross-examined in subsequent hearings. Under such circumstances, and "especially given the tentative nature of the rate," we are unpersuaded that reversal is required (*Matter of Smith v Community Resource Ctr.*, 277 AD2d 791, 792 [2000]; *see Matter of Iannelli v Lumelite Plastics Corp.*, 288 AD2d 507, 508-509 [2001]).

Next, the carrier argues that an adjournment should have been granted to permit it time to produce a witness who reportedly would have testified that she instructed claimant not to gather deposit cans from the truck for personal use. The carrier asserts that this testimony was important since it rebuts the presumption of compensability found by the Board (*see* Workers' Compensation Law § 21) by placing the credibility of claimant in question since he denied he received such instruction. Nevertheless, the WCLJ and the Board credited claimant's testimony that this unwitnessed accident happened as he was adjusting a loose cord near a toolbox on the truck and not as he was picking deposit cans. In light of this factual determination, which is supported by substantial evidence, the testimony of the witness would have been of little relevance.

The carrier's final argument is that it should have been permitted to question claimant about his lack of attachment to the labor market. Claimant was present and testified at the

March 2004 hearing. The carrier, however, did not question him about his efforts in seeking work within his medical restrictions and submitted no evidence on that issue. In response to the WCLJ's request to the attorneys at the end of the hearing for record exceptions, the carrier's counsel first raised the attachment issue. Read in context, this appears to be an area of inquiry raised for a subsequent hearing. In any event, we find no reversible error in the record with regard to this argument.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.