■ In the Matter of the Claim of WILLIAM SCHERIFF, Appellant, v WICHMANN COMPANY, INC., Doing Business as CULLIGAN WATER CONDITIONING, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [795 NYS2d 376]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed February 9, 2004, which, inter alia, ruled that claimant did not sustain a further causally related disability.

After sustaining work-related injuries to his left shoulder and left elbow in April 2001, claimant applied for and was awarded workers' compensation benefits. Following hearings and the receipt of medical evidence relating to this and three earlier established claims for injuries sustained in 1992, 1995 and 2000, the Workers' Compensation Board declined to direct apportionment between the injuries and closed all claims except for the April 2001 case, ordering further development of the record on the issue of whether claimant had sustained a permanent disability as to this injury. Following another brief hearing, the Workers' Compensation Law Judge denied the request of the employer's workers' compensation carrier to raise the issue of claimant's voluntary withdrawal from the labor market and continued the case and claimant's benefit awards. The Board reversed, finding that claimant had failed to provide evidence of a continuing causally related disability for the April 2001 injury subsequent to September 30, 2002 and, noting that no determination as to permanency had yet been made, closed claimant's case without prejudice to his submission of additional evidence on either issue. Claimant appeals.

Claimant's principal contention on appeal is that there was ample evidence before the Board for it to make a finding of a permanent partial disability in his favor and, therefore, its refusal to make such a finding was unsupported by substantial evidence. We disagree. Claimant relies on reports from Edwin Mohler, Carl Wirth and Bryan Bilfield, three physicians who conducted independent medical examinations of claimant. However, although Mohler's April 2002 report opined that claimant's disability could be considered permanent "if he remains as he is today," he later testified that claimant had not yet reached maximum medical improvement and his shoulder injury could improve to a schedule loss of use with further treatment. Wirth similarly retracted his earlier conclusion that claimant suffered from a "moderate, possibly permanent, degree of disability" and stated, based on his review of additional medical reports, that a finding of permanency was not warranted.

Finally, Bilfield, who examined all of claimant's injuries, including those not relevant here, offered no specific conclusions as to claimant's shoulder and elbow, stating only that his "overall degree of disability" was permanent in nature.

In consideration of this conflicting and inconclusive evidence, it was well within the Board's discretion to treat the issue of permanency as unresolved and close the claim pending additional evidentiary proffers on the matter (*see Matter of Naylon v Erie County Highway Dept.*, 14 AD3d 932, 933 [2005]; *Matter of Ceselka v Kingsborough Community Coll.*, 281 AD2d 842, 842-843 [2001]; 12 NYCRR 300.13 [f]). In the absence of a determination that he was permanently disabled, therefore, claimant was required to present updated evidence reflecting a continuing causally related disability subsequent to September 30, 2002, which he admittedly has not done (*see Matter of Valentin v THB Intermediaries Corp.*, 10 AD3d 826, 828 [2004]; *Matter of Rothe v United Med. Assoc.*, 2 AD3d 1264, 1265 [2003]). Inasmuch as the related issue of claimant's possible voluntary withdrawal from the labor market was also raised but unexplored for the period in question, we are unpersuaded by claimant's additional argument that the Board's remittal of this matter for further record development upon any future reopening of his claim constituted a violation of his due process rights (*see Matter of Naylon v Erie County Highway Dept.*, *supra* at 933; *see also Matter of Smith v Community Resource Ctr.*, 277 AD2d 791, 792 [2000]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.