■ In the Matter of the Claim of LORI KAMROWSKI, Respondent, v VESTAL NURSING CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [805 NYS2d 202]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed October 27, 2004, which ruled that claimant had sufficiently established her degree of disability subsequent to September 5, 2002.

Claimant's case for work-related bilateral carpal tunnel syndrome was established in April 2002. Multiple hearings ensued, during which time the employer and its workers' compensation carrier contested various portions of claimant's case, while claimant's treating orthopedist, David Ellison, persistently opined that claimant was totally disabled and in need of surgery. Authorization for the requested surgery was eventually granted and claimant underwent a right carpal tunnel release in October 2003 and a left carpal tunnel release in February 2004. Claimant was also awarded continuing disability payments.

The issue now before this Court is whether claimant submitted sufficient medical documentation to support the Workers' Compensation Board's decision entitling her to continuing disability payments subsequent to September 5, 2002. Upon our review of the record, we conclude that she has. Claimant submitted medical reports, dated June 12, 2002, July 26, 2002, April 29, 2003 and September 3, 2003, wherein Ellison stated that claimant was totally disabled, and further provided a medical questionnaire from Ellison, dated March 15, 2004, wherein Ellison specifically opined that claimant had remained totally disabled since September 5, 2002. Such medical proof, when viewed as a whole, comprises substantial evidence justifying the Board's determination.

In so finding, we reject the contention that the award of continuing disability payments should be modified on the basis that there were impermissible gaps in claimant's treatment in contravention of the Workers' Compensation Law as it applies to continuing disabilities. As Ellison explained pursuant to the questionnaire, the only reason that he had not treated claimant more frequently between September 5, 2002 and the time of her first surgery in October 2003 was because he had not yet at that time received approval for the surgery and was of the belief that no other form of treatment would have benefitted claimant. We find this to be an acceptable explanation for the gaps in claimant's treatment (*see Matter of Heller v Frahell Realty Corp.*, 12 AD2d 549, 549 [1960]; *cf. Matter of Scheriff v Wichmann Co., Inc.*, 18 AD3d 1060, 1061 [2005]; *Matter of Rothe v United Med. Assoc.*, 2 AD3d 1264, 1265 [2003]).

Crew III, J.P., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.