■ In the Matter of the Claim of DANN GRANT, Appellant, v NIAGARA MOHAWK POWER COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [862 NYS2d 180]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed May 8, 2007, which ruled, among other things, that claimant voluntarily removed himself from the labor market and denied his claim for workers' compensation benefits.

Claimant is a 60-year-old male who worked as a lineman for Niagara Mohawk Power Company. In December 2000, claimant injured his left leg and back when he stepped into a hole and fell. Claimant filed a workers' compensation claim for lost time due to the injury and received an award of lost time benefits. After completing physical therapy, claimant returned to work without restrictions in March 2001. In July 2001, claimant elected to have surgery on his right foot, which he had injured in an unrelated accident. Claimant returned to light duty work following the surgery. Claimant subsequently began receiving disability retirement benefits from the company plan effective June 2002.

In November 2002, claimant filed a request with the Workers' Compensation Board for a finding that he was permanently partially disabled as a result of the December 2000 injury. In the context of the ensuing proceedings, the workers' compensation carrier raised the issue of labor market attachment. After a hearing, the Workers' Compensation Law Judge (hereinafter

WCLJ) found that claimant did not voluntarily remove himself from the labor market. The Board reversed the WCLJ, finding that because there has never been a finding of permanency of claimant's disability, claimant did not enjoy any presumption that his loss of earnings is causally related to his established disability. Noting that without such a finding "there is no presumption or inference of a continuing disability," the Board found that claimant had failed to submit adequate medical documentation to meet his burden of demonstrating a continuing disability. Accordingly, the Board went on to find that claimant voluntarily withdrew from the labor market and was, therefore, not eligible for benefits. Claimant now appeals.

Claimant argues that the Board's finding that he voluntarily withdrew from the labor market is not supported by substantial evidence. We disagree. In order to succeed with his claim, claimant was required to demonstrate that the injuries to his back and left leg were the cause of his retirement (*see Matter of Parisi v Incorporated Vil. of Val. Stream*, 284 AD2d 841, 842 [2001]). The question of " '[w]hether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed' " (*Matter of Disarno v Mattel/Fisher Price Inc.*, 25 AD3d 969, 970 [2006], quoting *Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer*, 272 AD2d 808, 808 [2000]), even if there is evidence presented which would support the opposite finding (*see Matter of Gilman v Champlain Val. Physicians Hosp.*, 23 AD3d 860, 861 [2005]).

Here, the record evidence amply supports the Board's determination that claimant's decision to retire was based on the injury to his right foot, which was unrelated to the injury upon which his claim was based. Specifically, after the established injury to his back and left leg, claimant was permitted to return to work without restrictions in March 2001. In June 2001, the Board issued a proposed decision which found, among other things, that there was "no evidence or insufficient evidence that the claimant has a permanent restriction or loss of use as a result of this injury" and indicated that no further action was planned by the Board at that time. Claimant never objected to that decision. Claimant then opted to have surgery on his right foot in July 2001, was released to light duty in October 2001 and retired in 2002. There is no record evidence of any complaints of back or left leg problems or missed time from work between March 2001 and July 2001, and claimant did not apply for a determination of permanency until November 2002.

Furthermore, even if some of the facts recited by the Board were erroneous, claimant failed to demonstrate that the Board relied on such facts to make its determination (*see Matter of Monroe v Town of Chester*, 42 AD3d 862, 864 [2007]).

We also find no error in the Board's determination that claimant was not entitled to a finding of permanency as of the time of his retirement, as claimant failed to provide evidence of his medical condition at that time. Absent the presumption which would have resulted from a permanency classification, claimant was required to provide periodic medical reports to establish a continuing disability (*see* 12 NYCRR 325-1.3; Workers' Compensation Law § 13-a; *Matter of Rothe v United Med. Assoc.*, 2 AD3d 1264, 1265 [2003]). We agree with the Board's determination that the reports submitted were not sufficient to meet this burden.

We find claimant's remaining contentions to be unpersuasive.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.