■ In the Matter of the Claim of ALISON CARY, Appellant, v SALEM CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [936 NYS2d 720]—

Kavanagh, J.

At a subsequent hearing, claimant presented clarifying opinions of her treating physicians who opined that claimant was suffering from a causally related disability during the disputed time periods. The WCLJ thereafter awarded reduced earnings awards for the time periods that the Board had previously rescinded and, based upon a stipulation of the parties, classified claimant as permanently partially disabled due to the 2003 accident. On review, the Board found that there was insufficient medical evidence to support a reinstatement of the reduced earnings for the disputed time periods and again rescinded the related reduced earnings awards, but otherwise affirmed the WCLJ's decision. Claimant now appeals both the underlying decision and the Board's denial of her application for full Board review.

Inasmuch as we conclude that substantial evidence does not exist to support the Board's determination that there was insufficient medical evidence of a continuing causally related disability, the decision must be reversed. The record reflects that claimant returned to work in November 2003 and that, due to her injuries, she was unable to continue her work as a bus driver and was limited only to work in the cafeteria. In support of a continuing causally related disability, claimant submitted numerous medical reports of her treating physicians dating from February 22, 2005 to April 23, 2010, all of which indicate that claimant remained temporarily disabled throughout that period. Notably, during this time, the employer's workers' compensation carrier did not question claimant's entitlement to reduced earnings, but only questioned the amount of the award for the various years. Further, the carrier's medical expert determined that claimant suffered from a causally related permanent mild disability in September 2009 and that she is unable to perform the duties of a school bus driver. In sum, there is no evidence in the record that calls into question claimant's entitlement to reduced earnings awards based upon her 2003 accident.

We recognize that "there is no presumption of continuing disability under the Workers' Compensation Law" (*Matter of Rothe v United Med. Assoc.*, 2 AD3d 1264, 1265 [2003]) and that a claimant's treating physician is required to submit progress reports reflecting a continuing disability "at intervals of not less than three weeks apart or at less frequent intervals if requested on forms prescribed by the [C]hair" (Workers'

Compensation Law § 13-a [4] [a]).* Moreover, a 22-day interval is required by regulation (*see* 12 NYCRR 325-1.3 [b]), and the Board requires C-4 reports to be submitted every 45 days (*see Matter of Rothe v United Med. Assoc.*, 2 AD3d at 1265). While there were gaps of greater than 45 days between the submissions of the reports of claimant's physicians between April 2005 and July 2009, the unequivocal and unchallenged medical evidence in the record establishes that claimant was disabled during that entire time period. The gaps in the reports, standing alone, do not constitute substantial evidence supporting the recision of claimant's reduced earnings awards under these circumstances.

Mercure, A.P.J., Lahtinen, Spain and Malone Jr., JJ., concur. Ordered that the decision filed May 20, 2010 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Ordered that the appeal from the decision filed March 22, 2011 is dismissed, as academic, without costs.

---

* We also note that "[t]he [B]oard may excuse failure to give such notices within the designated periods when it finds it to be in the interest of justice to do so" (Workers' Compensation Law § 13-a [4] [a]).