■ In the Matter of the Claim of SAIFUL ISLAM, Respondent, v BD CONSTRUCTION & BUILDING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [984 NYS2d 196]—

---

* The eldest child attended a different school for one year before the couple settled in Monticello.

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed February 15, 2012, which ruled that claimant sustained a causally related disability, and awarded workers' compensation benefits for the period of January 23, 2010 to March 11, 2011.

Claimant, a legal permanent resident, was found to be totally disabled in 2006 as a result of work-related injuries to his head and neck. After his accident, he was convicted of sexual abuse in the first degree and, in 2007, sentenced to 10 years of probation. In 2009, claimant was detained in Texas by the U.S. Bureau of Immigration and Customs Enforcement pending a deportation hearing and, due to his failure to provide updated C-4 medical progress reports during his detention, his workers' compensation benefits were suspended. When he was released from custody in 2011, he immediately returned to New York where he was promptly examined by his physician, who then filed a C-4 indicating that claimant continued to be totally disabled due to his work-related head and neck injuries. The Workers' Compensation Board then determined that claimant was entitled to benefits covering the time he spent in detention. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.

We cannot agree with the employer's argument that claimant's detention by immigration officials amounts to incarceration "upon conviction of a felony," thereby rendering him ineligible to receive benefits pursuant to Workers' Compensation Law § 10 (4). That statutory language was enacted in 2007 to codify existing case law (see L 2007, ch 6, § 37; Governor's Program Bill Memo, Bill Jacket, L 2007, ch 6; see also Matter of Derr v VIP Structures, 294 AD2d 793, 793 [2002]). In our view, giving plain meaning to each of the words used, the statute reflects an intent that benefits should not be paid if a sentence of incarceration is imposed as punishment for a felony conviction. While claimant was convicted of a felony, his punishment did not include incarceration. Rather, he was sentenced to 10 years of probation. His confinement for immigration purposes, on the other hand, was civil and nonpunitive in nature, and its purpose was to determine whether he should be deported (see 8 USC § 1226; Zadvydas v Davis, 533 US 678, 690 [2001]). Accordingly, we are unpersuaded that claimant was "incarcerated upon conviction of a felony" as that phrase is used in the statute.

Nor can we agree with the employer that there is insufficient evidence to support the Board's conclusion that claimant remained totally disabled. While there is no presumption of continuing disability under the Workers' Compensation Law and a claimant's physician is required to submit progress reports reflecting a continuing disability, the Board has the authority to excuse the failure to provide timely progress reports "in the interest of justice" (Workers' Compensation Law § 13-a [4] [a]; *see Matter of Cary v Salem Cent. School Dist.*, 91 AD3d 1000, 1001-1002 [2012]; 12 NYCRR 325-1.3 [b]).\* Here, claimant submitted C-4 forms indicating treatment for his established injuries prior to and immediately after his immigration detention. He also provided medical records reflecting continuing symptoms and treatment for his work-related injuries while he was detained. Under the circumstances, substantial evidence supports the Board's determination and we find no basis to disturb its decision to excuse the filing of timely progress reports (*see Matter of Cary v Salem Cent. School Dist.*, 91 AD3d at 1002; *Matter of Kamrowski v Vestal Nursing Ctr.*, 24 AD3d 1014, 1014-1015 [2005]).

Lahtinen, J.P., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.

---

\* At the time that claimant was detained by immigration officials, a C-4 report was required to be submitted every 45 days (*see* 12 NYCRR 325-1.3 former [b] [3]). The current version of the regulation, amended effective December 1, 2010, requires a C-4 every 90 days.