Matter of Hughes v World Trade Ctr. Volunteerr Fund (2018 NY Slip Op 07821)





Matter of Hughes v World Trade Ctr. Volunteerr Fund


2018 NY Slip Op 07821


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

526652

[*1]In the Matter of RACHEL HUGHES, Appellant,
v
WORLD TRADE CENTER VOLUNTEER FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Geoffrey Schotter, New York City, for appellant.
Cherry, Edison & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for World Trade Center Volunteer Fund and another, respondents.



MEMORANDUM AND
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed July 13, 2017, which ruled, among other things, that claimant was not entitled to an award of benefits for the period of July 10, 2009 through October 27, 2016.
Claimant, a volunteer at the World Trade Center site in 2001, established a claim for injuries in the form of gastroesophageal reflux disease, extrinsic asthma, chronic sinusitis, skin lesions, posttraumatic stress disorder (hereinafter PTSD), depression and anxiety in connection with those volunteer activities and was awarded workers' compensation benefits. On March 11, 2008, claimant's workers' compensation benefit payments were suspended given claimant's lack of appearance to pursue the claim and the failure to produce up-to-date medical evidence. Thereafter, on July 10, 2009, claimant filed a request for further action and, among other things, ultimately sought an award for causally-related lost time for the period beginning March 11, 2008. Following hearings in 2017, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled, among other things, that medical treatment and care was authorized for the established injuries and that claimant suffered a 25% psychological disability due to anxiety and depression resulting from her PTSD, and awarded workers' compensation benefits from March 11, 2008 through October 27, 2016. Upon administrative appeal, the Workers' Compensation Board found that claimant was entitled to continued medical treatment for her psychological condition, but modified the WCLJ's decision to the extent that, among other things, it rescinded the award for [*2]compensable lost time from July 10, 2009 through October 27, 2016 upon a finding that there was insufficient medical evidence to warrant ongoing awards [FN1]. Claimant appeals.
We affirm. "Initially, we note that there is no presumption of continuing disability under the Workers' Compensation Law" (Matter of Rothe v United Med. Assoc., 2 AD3d 1264, 1265 [2003] [citations omitted]). "Whether a . . . disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence" (Matter of Bailey v Ben Ciccone, Inc., 104 AD3d 1017, 1017 [2013] [citations omitted]). "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between a . . . disability and the established work-related injury" (Matter of Campito v New York State Dept. of Taxation & Fin., 153 AD3d 1063, 1064 [2017] [citations omitted]).
Here, in support of an award for compensable lost time due to a disability, claimant presented the medical records and testimony of Donald Rosenberg, her clinical psychologist. Rosenberg initially stated that, at the time of the initial treatment, claimant was totally disabled due to depression, anxiety and panic attacks resulting from the effects of her volunteer work at the World Trade Center and that, throughout the course of his treatment, which primarily occurred over the telephone, her psychological condition worsened and she remained totally disabled and unemployable. As Rosenberg continued to testify, however, he stated that claimant's psychological symptoms diminished during times when she was able to obtain medical treatment and, if she could afford such regular medical treatment, that she could possibly return to work. Rosenberg attributed claimant's psychological condition primarily to her inability to afford medical treatment and her generally deteriorating medical condition, but testified that there were multiple reasons for her depression. Rosenberg, who relied upon information from claimant and not from any review of medical records, also testified that claimant was bedridden 80% of the time, did not participate in volunteer or social activities and had limited contact with family. Rosenberg's notes from his clinical sessions with claimant, however, reflect that claimant was involved as a mentor in an art program for years, went on a date and planned a trip across the country. When questioned about the notes, Rosenberg either did not recall the information or explained that claimant may have had a brief refractory period but was generally sick all of the time.
In view of the various inconsistencies and contradictions, the Board was justified in rejecting Rosenberg's testimony as unreliable (see generally Matter of Bradley v US Airways, Inc., 58 AD3d 1043, 1044-1045 [2009]). Furthermore, "the Board is the sole arbiter of witness credibility and is not bound by the [WCLJ's] determinations in this regard" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1358 [2018] [internal quotation marks and citation omitted]). To that end, the Board rejected, as not credible, the testimony of claimant, as well as the medical testimony presented on behalf of the World Trade Center Volunteer Fund and its third-party administrator, with regard to claimant's continued disability.
Finding no basis to disturb the Board's finding that Rosenberg's testimony was unreliable, and giving deference to the Board's credibility determinations, we find that substantial evidence supports the Board's conclusion that claimant did not provide sufficient medical evidence reflecting a continuing causally-related disability (see Matter of Bailey v Ben Ciccone, Inc., 104 AD3d at 1017). Contrary to claimant's contention, whether sufficient medical evidence was presented to establish a continuing causally-related disability is unrelated to her entitlement to continued medical treatment for an established psychological injury. Rather, as noted above, [*3]there is no presumption of continuing disability under the Workers' Compensation Law (see Matter of Rothe v United Med. Assoc., 2 AD3d at 1265), and the burden is on the claimant to establish such disability as it relates to the established injury (see Matter of Bailey v Ben Ciccone, Inc., 104 AD3d at 1017). We have considered claimant's remaining contentions and find them to be without merit.
McCarthy, J.P., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The Board determined that there was no compensable lost time from March 11, 2008 (the date claimant's benefits were suspended) to July 10, 2009 (the date claimant filed a request for further action) because claimant failed to attend multiple hearings and a prior finding that she failed to attend multiple independent medical examinations was not appealed. Claimant concedes that she is not eligible for awards for that period.