Matter of DeWald v Fiorella's Landscaping (2021 NY Slip Op 03354)





Matter of DeWald v Fiorella's Landscaping


2021 NY Slip Op 03354


Decided on May 27, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 27, 2021

531807
[*1]In the Matter of the Claim of Eric M. DeWald, Appellant,
v
Fiorella's Landscaping et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Dolce Panepinto, PC, Buffalo (Holly L. Schoenborn of counsel), for appellant.
Hamberger & Weiss LLP, Buffalo (John M. Cordon Jr. of counsel), for Fiorella's Landscaping and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed March 12, 2020, which ruled, among other things, that claimant failed to demonstrate attachment to the labor market and rescinded his prior award of workers' compensation benefits.
Claimant sought workers' compensation benefits after he sustained neck and back injuries while working for the employer in 2014. Over objections from the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), his claim for workers' compensation benefits was established the following year. He was thereafter awarded benefits in periods for which he produced medical proof of temporary disability, with stretches in between where he failed to document his condition and received nothing. In July 2017, notwithstanding the absence of timely progress reports from claimant's medical providers regarding his condition, a Workers' Compensation Law Judge (hereinafter WCLJ) directed continuing benefits at a tentative rate (see Workers' Compensation Law § 13-a [4] [a]; 12 NYCRR 325-1.3 [b] [3]; Matter of Morey v Price Chopper/Golub Corp., 17 AD3d 957, 958 [2005]). In November 2017, the Workers' Compensation Board upheld the award because an independent medical examination of claimant, conducted in the 90 days prior to the WCLJ's decision, constituted timely proof of a moderate temporary partial disability (see 12 NYCRR 325-1.3 [b] [3]). As claimant thereafter failed to provide progress reports as to his medical condition, however, the Board suspended the continuing benefit award as of September 2017.
These matters rested until August 2019, when claimant requested reinstatement of benefits and produced medical evidence indicating that his condition had worsened and that he was totally disabled. Following a hearing at which the carrier raised labor market attachment and other issues, a WCLJ issued a decision determining, among other things, that claimant had a temporary total disability and was entitled to continuing benefits. Upon review, the Board issued a decision in which it, among other things, determined that claimant had not demonstrated labor market attachment and rescinded the award of benefits. Claimant appeals.
We affirm. The Board explained in its 2017 decision that, despite the lack of timely medical proof from claimant, an award of continuing benefits was appropriate because the record contained a timely independent medical examination and report determining that claimant had a temporary partial disability. The Board was free to credit the medical opinion of the independent medical examiner and find that claimant had a temporary partial disability and, in view of its decision to rely upon that opinion to award benefits, necessarily did so (see Matter of Browne v Medford Multicare, 89 AD3d 1173, 1174 [2011]; compare Matter of Bowers v New York City Tr. Auth., 178 AD3d 1172, 1173-1174 [2019]; Matter of Poulard v Southside Hosp., 177 AD3d 1234, 1235-[*2]1236 [2019]). Although those benefits were suspended after claimant failed to provide medical progress reports as required, that finding of a temporary partial disability was never disturbed.
Implicit in the Board's 2017 finding of temporary partial disability "is the requirement that claimant provide evidence of his attachment to the labor market" and, as such, the Board properly considered that issue when claimant requested further action on his claim in 2019 (Matter of McKinney v United States Roofing Corp., 150 AD3d 1377, 1378 [2017]; see Matter of Wolfe v Ames Dept. Store, Inc., 159 AD3d 1291, 1293 [2018]; Matter of Scott v Rochester City Sch. Dist., 125 AD3d 1083, 1083-1084 [2015]).[FN1] Claimant submitted no proof that he was attached to the labor market before he became totally disabled, nor did he seek an additional opportunity to do so, and substantial evidence in the record therefore supports the Board's determination that he had not demonstrated his entitlement to further benefits (see Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 584 [2006]).
Claimant's remaining contentions, including that the Board departed from its prior holdings without explanation, have been considered and rejected.
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant points out that the 2017 Board decision did not explicitly advise him of his obligation to demonstrate labor market attachment. Although the carrier first raised the issue of labor market attachment in 2015, at that point the Board determined that proof of attachment was not required because claimant's treating physician found him to be totally disabled and the Board had not found otherwise. It accordingly would have been apparent to claimant that, after the Board found him to have a temporary partial disability in 2017, attachment would be an issue moving forward. The carrier raised the issue again when claimant sought the reinstatement of continuing benefits, and claimant had a full and fair opportunity to address it before the WCLJ and the Board (cf. Matter of Scott v Rochester City Sch. Dist., 125 AD3d at 1084; Matter of Ickes v Sayville Animal Hosp., 40 AD3d 1189, 1189-1190 [2007]).