Matter of Ryan v City of Albany (2022 NY Slip Op 03299)

Matter of Ryan v City of Albany

2022 NY Slip Op 03299

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

533425
[*1]In the Matter of the Claim of Alex Ryan, Appellant,
v
City of Albany et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 19, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and McShan, JJ.

Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for appellant.
Manes and Manes, Armonk (Mathew T. Keller of counsel), for City of Albany and another, respondents.

Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 22, 2020, which ruled that claimant remains unattached to the labor market.
Claimant established a workers' compensation claim for a back injury sustained in a 2018 work-related accident. By decision filed December 27, 2019, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant to be temporarily partially disabled, awarded benefits from August 29, 2019 forward and, upon the carrier raising the issue of labor market attachment, directed that claimant produce evidence of job market search efforts at the next hearing scheduled for February 12, 2020. At that hearing, claimant did not present any evidence of job search efforts in order to demonstrate labor market attachment, but instead offered a January 13, 2020 medical report indicating that he was temporarily totally disabled, in part, due to a right hip injury. The WCLJ, in a decision filed February 18, 2020, found that claimant voluntarily removed himself from the labor market and suspended claimant's benefits as of February 13, 2020. No party appealed from that decision.
In May 2020, claimant filed a request for further action. At a May 2020 hearing, the WCLJ denied claimant's request to revisit the issue of labor market attachment. Upon administrative appeal, the Workers' Compensation Board, in a decision filed September 22, 2020, found that no new evidence regarding claimant's labor market attachment had been presented at the May 6, 2020 hearing and affirmed the WCLJ's decision. Claimant appeals.
We find no error in the Board denying claimant's request to revisit the issue of claimant's labor market attachment. At the May 6, 2020 hearing, claimant submitted neither new evidence regarding his attachment to the labor market nor any evidence to support his assertion that he remained employed with the self-insured employer. Further, contrary to claimant's contention, we find no basis to disturb the Board's finding that the January 13, 2020 medical opinion finding that claimant was temporarily totally disabled did not alleviate him from presenting evidence of labor market attachment at the February 12, 2020 hearing. That medical opinion was rendered after claimant was found to be temporarily partially disabled and directed to demonstrate labor market attachment, and was based, in part, on an injury to his right hip that was not part of the established claim. Further, we find no error in the Board finding that the March 7, 2020 executive order declaring a state of emergency in response to the COVID-19 pandemic — which suspended the requirement that a claimant with a partial disability establish labor market attachment — was inapplicable to claimant inasmuch as claimant's benefits had already been suspended prior to the state of emergency. In view of the foregoing, we find that substantial evidence supports the Board's determination that claimant has not demonstrated his entitlement to further [*2]benefits as he remains unattached to the labor market (see Matter of DeWald v Fiorella's Landscaping, 194 AD3d 1327, 1328 [2021]; Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 584 [2006]). Claimant's remaining contentions, to the extent they are preserved for our review, are without merit.
Clark, Aarons, Colangelo and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.