Matter of Hedges v Scandia Realty, Ltd. (2022 NY Slip Op 03301)





Matter of Hedges v Scandia Realty, Ltd.


2022 NY Slip Op 03301


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

533487
[*1]In the Matter of the Claim of Glenn Hedges, Appellant,
v
Scandia Realty, Ltd. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Anthony Obiajulu of counsel), for Scandia Realty, Ltd. and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed November 27, 2020, which ruled, among other things, that claimant's reduced earnings award for the period between August 22, 2018 and December 4, 2019 should be rescinded.
In March 2014, claimant, a fire safety director, sustained work-related injuries to his eyes, nose and head in the form of a concussion. He moved to Florida in October 2015, where he worked as a carpenter's helper. In May 2017, Ranga Krishna, claimant's treating neurologist, evaluated him and filed a C-4 form opining that he had a 60% temporary disability. On May 24, 2018, following a functional capacity evaluation, Krishna submitted a doctor's progress report (C-4.2 form) restricting claimant to sedentary work, adhering to his original 60% temporary disability opinion. That was the last progress report submitted by Krishna on this claim. Krishna submitted a C-4.3 doctor's permanency report on May 29, 2018, opining that claimant had reached maximum medical improvement (hereinafter MMI), assigned a severity rating of C to his head injury and limited him to sedentary work. The neurologist retained by the employer and its workers' compensation carrier, the State Insurance Fund (hereinafter collectively referred to as SIF), performed an independent medical exam (hereinafter IME) in November 2018 and again in August 2019, and submitted IME reports (IME-4 forms) concluding that claimant had reached MMI but had no further causally-related disability, impairments or restrictions.
At a hearing on December 4, 2019, the parties agreed that claimant had a 45% loss of wage-earning capacity. By decision of the same date, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant as having a permanent partial disability but, given that he was working at full wages, the WCLJ also held that he was not entitled to continuing payments. Further proceedings were thereafter held on the issue of reduced earnings.
The WCLJ awarded claimant reduced earning benefits for various specified periods between 2017 and 2020. As relevant here, the WCLJ found no medical evidence to support the reduced earnings request for the period between August 26, 2017 and May 29, 2018, but found that Krishna's May 29, 2018 C-4.3 report on MMI/permanency supported an award from that date until after classification, to January 1, 2020. On SIF's appeal, as relevant here, the Workers' Compensation Board modified the WCLJ's decision, finding that Krishna's May 24, 2018 progress report (C-4.2 form) supported an award for the 90-day period thereafter, through August 22, 2018 (see 12 NYCRR 325-1.3 [b] [3]). Thus, the Board awarded benefits for the period between May 24, 2018 and August 22, 2018. However, the Board found that there was insufficient medical evidence to support an award thereafter, i.e., from August 22, 2018 through the December 4, 2019 classification, given claimant's failure to submit evidence of a continuing disability during [*2]that period. The Board held that Krishna's May 29, 2018 C-4.3 report did not constitute sufficient evidence of claimant's current, ongoing temporary disability, as required (see 12 NYCRR 325-1.3 [b] [3]), and rescinded the WCLJ's award for the period between August 22, 2018 and December 4, 2019. Claimant appeals.
We affirm. Claimant argues that the Board erred in requiring medical evidence of continuing disability for the period between August 22, 2018 and December 4, 2019, given Krishna's C-4.3 report on MMI/permanency submitted on May 29, 2018. He contends that the permanency report excused him from thereafter submitting up-to-date medical evidence of a continuing causally-related disability every 90 days until classification. However, in the absence of a permanency classification, claimants are required to submit medical progress reports from their treating physicians at least every 90 days supporting a continuing disability, up until such classification (see 12 NYCRR 325-1.3 [b] [3]; Matter of Virtuoso v Glen Campbell Chevrolet, Inc., 66 AD3d 1141, 1142 [2009]; Matter of Scheriff v Wichmann Co., Inc., 18 AD3d 1060, 1062 [2005]; Matter of Morey v Price Chopper/Golub Corp., 17 AD3d 957, 958 [2005]; Matter of Rothe v United Med. Assoc., 2 AD3d 1264, 1265 [2003]). Only after classification as permanently disabled, which occurred here on December 4, 2019, did the presumption of continuing disability arise, dispensing with the requirement for ongoing progress reports (see Matter of Grant v Niagara Mohawk Power Co., 53 AD3d 972, 974 [2008]). Claimant's last progress report was submitted by Krishna on May 24, 2018, requiring an updated report within 90 days, i.e., by August 22, 2018. As no progress reports were submitted thereafter up until the December 4, 2019 classification, a protracted period of well over a year, the Board acted properly in finding insufficient medical evidence of ongoing disability during that lengthy period (see id.; compare Matter of Cary v Salem Cent. School Dist., 91 AD3d 1000, 1001-1002 [2012]).
Notably, during that protracted period of time prior to classification, Krishna's opinion that claimant was permanently disabled and limited to sedentary work was very much disputed. SIF's neurological consultant had concluded in a November 2018 IME report and again in an August 2019 updated IME report that claimant had no further casually-related disability, impairments or restrictions (cf. Matter of DeWald v Fiorella's Landscaping, 194 AD3d 1327, 1328 [2021]; Matter of Cary v Salem Cent. School Dist., 91 AD3d at 1001-1002). Moreover, claimant continued to work after this accident as a carpenter's helper, albeit reportedly part time and at reduced earnings,[FN1] notwithstanding Krishna's opinion that he was limited to sedentary work. Although the Board may have had the discretion to excuse claimant's failure to strictly comply with the 90-day progress report requirement (see e.g. Matter of Islam v BD Constr. & Bldg., 116 [*3]AD3d 1174, 1176 [2014]; Matter of Cary v Salem Cent. School Dist., 91 AD3d at 1002), its refusal to do so under these circumstances did not constitute an abuse of discretion. Claimant's remaining contentions have been considered and found to be without merit.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The WCLJ's December 11, 2019 decision found that claimant was working at full wages.