In the Matter of the Claim of RHETTA H. LAWTON, Respondent, against ENDICOTT JOHNSON CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award of the Workmen's Compensation Board granting claimant compensation for partial disability after November 7, 1956. Claimant suffered a back injury and ruptured disc as the result of an industrial accident on April 15, 1952. Compensation was paid to her for various intervals of disability until November 7, 1956. Thereafter appellant refused to pay on the ground that claimant was suffering from no disability after that date. Appellant's sole contention here is that there is no substantial evidence to support an award for any disability after November 6, 1956. Only one doctor was sworn before the Referee. In support of its contention appellant relies upon a brief portion of the doctor's testimony, given at a hearing on June 27, 1957, as follows: " Q. What do you say as to whether or not in your opinion on November 7, 1956, she could have done the work indicated in her description of her job? Mr. Allio: Pardon me. Is that on a full-time basis or part-time? Mr. Fogarty: Full-time. Mr. Allio: Full time, eight-hour basis, forty-hour week? Mr. Fogarty: That's right. A. At the time I saw her then I felt the fact she was able to tolerate light housework, that she would probably be able to tolerate light clerical work in the office. Q. This job we're talking about, do you call that light clerical work? A. Yes. Q. Then you would feel in November 7, 1956, she could do that work, correct? A. Yes." However, at the same hearing the doctor testified repeatedly that claimant was suffering a causally related partial disability, characterized it as between minimum and moderate, indicated that resumption of work would cause her pain, and left a question as to whether claimant could endure the pain. In these circumstances the board was not bound to accept at full literal value an isolated statement by the doctor that he felt that on November 7, 1956, the claimant could do her work. The board was entitled to evaluate all of the doctor's testimony and other circumstances and make its own determination as to whether claimant was reasonably able to return to work on that date. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.