■ In the Matter of the Claim of JEAN LOUMAN, Appellant, v PREMIER STAFFING, LLC et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [784 NYS2d 246]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 29, 2003, which ruled that claimant had voluntarily withdrawn from the labor market.

Claimant suffered a work-related injury in August 2001, and applied for workers' compensation benefits. Several doctors who have examined claimant agree that she is unable to return to her former job, but may perform sedentary work. Claimant has made some efforts to find work, but has been unable to find a job, citing her lack of transportation and education, as well as her disability. The employer and its workers' compensation carrier sought to stop claimant's benefits, arguing that she had voluntarily withdrawn from the labor market. After a hearing, a Workers' Compensation Law Judge disagreed, referring claimant for job retraining and continuing benefits. The employer and carrier appealed, and the Workers' Compensation Board reversed, finding that claimant was capable of returning to work but did not demonstrate that she had affirmatively sought out work within the limits of her disability. Claimant appeals.

"An award of compensation is improper if the sole cause for a claimant's loss of earnings is his or her voluntary withdrawal from the labor market" (*Matter of Coneys v New York City Dept. of Mental Health*, 299 AD2d 602, 602 [2002] [citation omitted]).

Whether such a withdrawal occurred is a factual question for the Board, and its determination will be upheld if supported by substantial evidence (see Matter of Testani v Aramark Servs., 306 AD2d 709 [2003]). Here, all the medical evidence indicated that claimant was capable of working full time in a sedentary job. Claimant testified that she had looked for work, but the extent of that search appears to have been inquiring at two local stores if they were hiring, submitting an application at one, and occasionally contacting a temp agency. Given the minimal nature of claimant's attempts to find a job that accommodates her disability, we find substantial evidence in the record to support the Board's determination.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.