◾ In the Matter of the Claim of DOUGLAS NAYLON, Appellant, v ERIE COUNTY HIGHWAY DEPARTMENT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 719]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed October 27, 2003, which, inter alia, reopened the record for further development on the issue of claimant's voluntary withdrawal from employment.

Claimant, a highway maintenance worker, injured his neck and back on January 2, 2003 when he slipped after inspecting a culvert. He was out of work until January 6, 2003, at which time he returned and worked through January 24, 2003. He stopped working on January 27, 2003. He filed a claim for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the case for injuries to claimant's back and neck, and awarded him benefits. In its application for review of the WCLJ's decision, the self-insured employer maintained that claimant had voluntarily withdrawn from the labor force because he had been terminated and, therefore, requested that the awards be rescinded and the record be further developed on this issue. The Workers' Compensation Board noted that although the issue of claimant's voluntary withdrawal was not raised at the hearing before the WCLJ, it decided on its own motion that further development of the record on this issue was necessary in view of the January 29, 2003 termination letter submitted by claimant in his rebuttal, as well as the contradictory medical evidence presented concerning the degree of claimant's disability. Consequently, it rescinded the awards from January 27, 2003 to March 20, 2003 and reopened the case for further development of the record on the issue of claimant's voluntary withdrawal.

On appeal, claimant argues that the Board abused its discretion in reopening the case by considering facts and arguments

not raised before the WCLJ. We disagree. Pursuant to Workers' Compensation Law § 123, the Board has continuing jurisdiction over each case and "may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, *as in its opinion may be just*" (*see Matter of Ronda v Edenwald Contr.*, 216 AD2d 741, 741 [1995] [emphasis added]). The Board's discretion in this regard is not limited by the provisions of 12 NYCRR 300.13 (e) (1) (iii) or (g). Those regulations address the Board's discretionary authority to deny a review application based on a party's failure to raise an issue before a WCLJ (*see* 12 NYCRR 300.13 [e] [1] [iii]) or to provide a reason for the failure to present new or additional evidence before the WCLJ (*see* 12 NYCRR 300.13 [g]). They do not restrict the Board's power to reopen a case in the interest of justice. In the case at hand, conflicting medical evidence was presented concerning claimant's ability to work and the degree of his disability during the time period immediately following his accident through the date he was terminated. Consequently, the Board's decision to reopen the case to further develop the record on the issue of claimant's voluntary withdrawal was rational and not an abuse of discretion. We have considered claimant's remaining assertion and find it to be without merit.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.