In the Matter of the Claim of Irving Rothe, Appellant, v United Medical Associates et al., Respondents. Workers' Compensation Board, Respondent. [795 NYS2d 394]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 29, 2004, which, inter alia, ruled that claimant voluntarily withdrew from the labor market.

The underlying facts of this claim for workers' compensation

benefits are set forth in a prior decision of this Court (2 AD3d 1264 [2003]) and will not be repeated here. Currently at issue is a decision of the Workers' Compensation Board which reversed the determination of a Workers' Compensation Law Judge that claimant had demonstrated an attachment to the labor market subsequent to September 18, 2002.

Initially, the Board's decision appears to have left intact the finding of the Workers' Compensation Law Judge that claimant sustained a permanent partial disability and could not return to his prior work as a private practice physician. Thus, the question that remains is whether claimant maintained an attachment to the labor market subsequent to September 18, 2002. Such determination is " 'a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the [Board's] resolution of that issue will not be disturbed,' even if there is a discrepancy in proof regarding claimant's search for employment" (*Matter of Johnson v Onondaga Heating & A.C.*, 301 AD2d 903, 904 [2003] [citation omitted], quoting *Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer*, 272 AD2d 808, 808 [2000]). Here, claimant testified that he was employed as a physician on a part-time basis for the Binghamton City School District and, although he had sought additional work within his medical restrictions, the economic climate of the area limited his ability to find other positions. Claimant also stated that he had applied for work with the state, but had not followed up on his application for more than a year. Inasmuch as claimant did not present any evidence that his inability to obtain employment was caused by or related to his permanent partial disability, the Board's determination that claimant failed to maintain an attachment to the labor market subsequent to September 18, 2002 is supported by substantial evidence (*see Matter of Walby v Volt Info. Science*, 292 AD2d 740, 740 [2002]; *Matter of Ennist v Texaco, Inc.*, 280 AD2d 773, 773 [2001]).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.