■ In the Matter of the Claim of ARTHUR DISARNO, Respondent, v MATTEL/FISHER PRICE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [807 NYS2d 465]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 30, 2004, which ruled that claimant did not voluntarily withdraw from the labor market.

Claimant, who was employed as a maintenance mechanic, sustained a work-related injury to his lower back in September 1997. He subsequently returned to work with the medical restriction that he refrain from any heavy lifting. Claimant continued with his employment in that regard until May 1998, when he elected to take advantage of an early retirement incentive program offered by the employer. Prior to the effective date of his retirement, claimant lined up another job at a lawn and recreational equipment store, where his job duties were to be less strenuous on his back. He began the new job on the Monday directly following the date of his retirement. The employer and its workers' compensation carrier now appeal the Workers' Compensation Board's determination that claimant did not voluntarily remove himself from the labor market when he chose to retire and pursue other employment. We affirm.

"Whether a claimant has voluntarily withdrawn from the. labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed" (*Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer*, 272 AD2d 808, 808 [2000] [citation omitted]). Here, the record contains substantial evidence supporting the Board's determination. Prior to his retirement, claimant discussed with his doctor the physical difficulties he was experiencing at work, and the doctor suggested a change in employment to a lighter-duty job as a possible solution. Claimant testified that his rationale in accepting the retirement package was so that he could move on to a job which was less physically demanding on his back. Given this evidence that claimant's injury and medical restrictions motivated him to retire, we decline to alter the Board's decision (*see Matter of Elwood v K-Mart Corp.*, 289 AD2d 794, 794-795 [2001]; *Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer, supra* at 808; *cf. Matter of Camarda v New York Tel.*, 262 AD2d 816, 816-817 [1999]). The remaining contentions advanced by the employer and its carrier have been examined and found to be without merit.

Cardona, P.J., Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.