■ In the Matter of the Claim of DIANA LAING, Appellant, v MARYHAVEN CENTER OF HOPE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 398]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 29, 2006, which ruled that claimant voluntarily withdrew from the labor market and denied her claim for further workers' compensation benefits.

Claimant, who was injured in the course of her work in 2001, applied for workers' compensation benefits and was found to have sustained a permanent partial disability. At a hearing held in 2005, the employer disputed her continuing inability to work and contended that she was no longer attached to the workforce. The Workers' Compensation Board found that claimant was not entitled to further benefits because she had failed to seek suit-

able employment and had, thereby, voluntarily withdrawn from the labor market. Claimant appeals.

Whether a claimant's withdrawal from the labor market is voluntary presents a factual issue to be determined by the Board, and we will affirm that determination if it is supported by substantial evidence (*see e.g. Matter of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052 [2006]; *Matter of Louman v Premier Staffing, LLC*, 12 AD3d 815, 816 [2004]; *Matter of Yannucci v Consolidated Freightways*, 6 AD3d 945, 946 [2004]). Here, at the 2005 hearing, claimant testified that she had not worked or sought employment since her accident in 2001. While claimant also stated that the reason for not looking for work was persistent pain, the medical experts uniformly opined that she was capable of doing sedentary work. One of her treating orthopedic surgeons testified that she could work with the restrictions that she not lift over 25 pounds and have no repetitive overhead activity. Inasmuch as the Board is vested with the authority to decide issues of credibility and to resolve the question of whether claimant was indeed capable of performing work within the limits of her medically determined limitations (*see e.g. Matter of Yannucci v Consolidated Freightways, supra* at 947; *Matter of Korczyk v City of Albany*, 264 AD2d 908, 909 [1999]), there is substantial evidence in the record to support the Board's determination that claimant voluntarily withdrew from the labor market by not seeking such work (*see Matter of Capezzuti v Glens Falls Hosp.*, 282 AD2d 808, 810 [2001]; *compare Matter of Brockington v University of Rochester*, 266 AD2d 595, 596 [1999]).

Moreover, there is no merit to claimant's argument that the Board erred by not following the three-step analysis outlined in *Matter of Leeber v LILCO* (29 AD3d 1198, 1199 [2006]). The threshold issue to be determined by the Board is whether claimant's permanent partial disability caused or contributed to her loss of wages. At that step of the analysis, the failure to look for work is a relevant factor to be considered (*see e.g. Matter of Louman v Premier Staffing, LLC, supra* at 816; *Matter of Scarpelli v Bevco Trucking Corp.*, 305 AD2d 892, 893 [2003]). If the withdrawal were found to be involuntary, only then would it become inherently inconsistent to hold that a claimant is obligated to search for work within medical limitations (*see e.g. Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100 [2004]). Here, because claimant's withdrawal was found to be voluntary at the first step of the analysis, the remaining steps did not apply and the Board was not required to proceed any further.

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.