■ In the Matter of the Claim of MIRNA SANCHEZ, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 584]—

Kane, J. Appeal from a decision and an amended decision of the Workers' Compensation Board, filed July 29, 2005 and August 4, 2005, which ruled that claimant voluntarily withdrew from the labor market.

In January 2000, claimant suffered work-related injuries to her neck, shoulder and wrist. She returned to work soon afterward, but had shoulder surgery in June 2000, which caused her to be absent from work until October 2000. Claimant thereafter continued working until October 2002, when she underwent a second shoulder surgery. She never returned to work following that surgery, and was formally terminated by her employer in 2003. The Workers' Compensation Board classified claimant as permanently partially disabled, but terminated her benefits as of July 2004, finding that she voluntarily removed herself from the labor market by failing to seek employment within her medical restrictions after that date. Claimant appeals.

Whether a claimant has voluntarily withdrawn from the labor market is a factual question for the Board to resolve, and the Board's resolution will not be disturbed if supported by substantial evidence (*see Matter of Rothe v United Med. Assoc.*, 18 AD3d 1093, 1094 [2005]; *Matter of Capezzuti v Glens Falls Hosp.*, 282 AD2d 808, 809-810 [2001]). While a partially disabled person need only seek employment within his or her medical restrictions, claimant testified that she has not looked for work at all, even after her recovery from her 2002 surgery. Inasmuch as claimant failed to present any evidence that her inability to obtain employment was caused by or related to her permanent partial disability, substantial evidence supports the Board's determination that she failed to maintain an attachment to the labor market (*see Matter of Rothe v United Med. Assoc., supra* at 1094; *Matter of Capezzuti v Glens Falls Hosp., supra* at 810; *Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp.*, 268 AD2d 711, 712 [2000]).

We note that our cases dealing with the issue of whether the failure to look for work constitutes a withdrawal from the labor market subsequent to an involuntary retirement are inapplicable where, as here, the Board has not previously determined the issue of whether a claimant with a permanent partial disability has withdrawn from the labor market (*compare Matter of Pepe v City & Suburban*, 29 AD3d 1184 [2006]; *Matter of Tipping v National Surface Cleaning Mgt., Inc.*, 29 AD3d 1200 [2006]).

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.