■ In the Matter of the Claim of DAVID STEVENSON, Appellant, v SUNOCO FLEXIBLE PACKAGING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [843 NYS2d 198]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 22, 2006, which ruled, among other things, that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

Claimant worked as an assistant supervisor and press leader for the employer for approximately 30 years. In 2002, claimant sought treatment for a respiratory injury that was ultimately determined to be a causally-related permanent partial disability. After the employer closed the plant at which he worked, claimant applied for but was denied workers' compensation benefits on the ground that he voluntarily withdrew from the labor market by failing to seek work after the plant closed. Claimant appeals and we affirm.

"Where a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (*Matter of Peck v James Sq. Nursing Home*, 34 AD3d 1033, 1034 [2006] [citations omitted]; *see Matter of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052 [2006]; *Matter of Walby v Volt Info. Science*, 292 AD2d 740, 740 [2002]; *Matter of Ennist v Texaco, Inc.*, 280 AD2d 773, 773 [2001]). Here, claimant lost his employment due to the plant closing, a cause unrelated to his disability, and the Workers' Compensation Board made no finding of involuntary retirement, thus obligating claimant to seek subsequent employment (*see Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]; *cf. Matter of Pepe v City & Suburban*, 29 AD3d 1184, 1185-1186 [2006]; *Matter of Tipping v National Surface Cleaning Mgt., Inc.*, 29 AD3d 1200, 1200-1201 [2006]). Inasmuch as claimant made no effort to seek employment within his physical limitations, substantial evidence supports the Board's determination that claimant voluntarily withdrew from the labor market (*see Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 1153, 1154 [2007]; *Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d at 1126). Finally, we note that because claimant's withdrawal from the labor market was found to be voluntary in the first instance, our cases on the issue of whether a failure to look for work constitutes a detachment from the labor market subsequent to an *involuntary retirement* are inapplicable (*see Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d at 1154).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.