Peters, J.
Appeal from a decision of the Workers’ Compensation Board, filed August 15, 2007, which granted the workers’ compensation carrier’s request to reopen the claim.
Claimant, a nurse, sustained a work-related injury to her neck and back while lifting medical equipment. The parties ultimately stipulated to a finding that claimant suffered a permanent partial disability and a Workers’ Compensation Law Judge directed payment to claimant at a rate of $292.72 per week, with no further action planned at that time. Subsequently, the employer’s workers’ compensation carrier sent claimant a form requesting, among other things, information as to her current employment and search for work within her medical restrictions. When claimant left blank the portions of the form requesting this information, the carrier submitted a request for further action to determine whether there had been a voluntary removal from the labor market. Because regular hearings were not being scheduled on claimant’s case, the Workers’ Compensation Board treated the request as an application to reopen and, upon review, reopened the case on the issue of claimant’s continued eligibility for benefits. Claimant appeals, and we affirm.
The Board retains jurisdiction to reopen a claim in the interest of justice (see 12 NYCRR 300.14 [a] [3]; see also Workers’ Compensation Law § 123) and, absent an abuse of discretion, the Board’s exercise of that power will not be disturbed on appeal (see Matter of Cagle v Judge Motor Corp., 31 AD3d 1016, 1017 [2006], lv dismissed 7 NY3d 922 [2006]; Matter of Naylon v Erie County Highway Dept., 14 AD3d 932, 933 [2005]). Furthermore, where, as here, “a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions” (Matter of Peck v James Sq. Nursing Home, 34 AD3d 1033, 1034 [2006]; see Matter of Laing v Maryhaven Ctr. of Hope, 39 AD3d 1125, 1126 [2007], lv denied 9 NY3d 805 [2007]). Consequently, claimant’s failure to look for work was a relevant factor to be considered regarding her entitlement to ongoing benefits (see Matter of Laing v Maryhaven Ctr. of Hope, 39 AD3d at 1126; Matter of Pittman v ABM Indus., Inc., 24 AD3d 1056, 1057 [2005]).
In connection with its application for further action, the carrier submitted claimant’s responses to its questionnaire, which left unanswered the sections regarding her search for employ *874 ment. In our view, the Board rationally concluded that claimant’s failure to provide this information raised an issue of fact as to whether her benefits should be suspended or reduced (see Matter of Peck v James Sq. Nursing Home, 34 AD3d at 1033-1034). Further, although the issue of voluntary withdrawal had not been raised before the Workers’ Compensation Law Judge, the carrier’s failure to do so “do[es] not restrict the Board’s power to reopen a case in the interest of justice” (Matter of Naylon v Erie County Highway Dept., 14 AD3d at 933; see 12 NYCRR 300.14 [a] [3]). Therefore, we find that the Board’s decision to reopen the case to further explore this issue was not an abuse of discretion (see Matter of Naylon v Erie County Highway Dept., 14 AD3d at 933).
Claimant’s remaining contentions have been reviewed and found to be lacking in merit.
Cardona, EJ., Mercure, Carpinello and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.