■ In the Matter of the Claim of DENISE PETRILLO, Appellant, v WALTER B. COOKE et al., Respondents. WORKER'S COMPENSATION BOARD, Respondent. [874 NYS2d 314]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed April 13, 2006, which ruled, among other things, that claimant voluntarily withdrew from the labor market.

Claimant was a funeral director and, in 1994, she sustained a work-related injury to her back and left knee. She was out of work for one month and then returned to light duty. She subsequently filed a claim for workers' compensation benefits and was awarded benefits.

Almost two years after her accident, claimant was laid off due to downsizing. Claimant did not look for another funeral director position because of her injury and, as a result of her injury, she was found to be permanently partially disabled. After receiving training as a paralegal from the Office of Vocational and Educational Services for Individuals with Disabilities, she earned a Bachelor's degree in legal assistant studies in 2001.

In 2005, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed a request for further action to reopen the case and suspend or reduce claimant's continuing disability payments because she had failed to secure any employment and claimed that she voluntarily withdrew from the workplace. After a hearing, a Workers' Compensation Law Judge concluded, among other things, that claimant had removed herself from the labor market from February 17, 2005 to October 1, 2005 and from October 27, 2005 onward and suspended payments. The Workers' Compensation Board affirmed this decision, prompting this appeal.

We affirm. Whether claimant voluntarily removed herself from the labor force is " 'a factual issue for the Board to resolve

and, if supported by substantial evidence in the record, the [Board's] resolution of that issue will not be disturbed,' even if there is a discrepancy in proof regarding claimant's search for employment" (*Matter of Johnson v Onondaga Heating & A.C.*, 301 AD2d 903, 904 [2003] [citation omitted], quoting *Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer*, 272 AD2d 808 [2000]; *see Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 1153, 1154 [2007]). Claimant testified that, after she earned her paralegal degree in 2001, she made an earnest attempt to find employment and, in that regard, sent out approximately 21 applications for employment but was only able to obtain a position with a temporary employment agency for a brief period of time in October 2005. However, the carrier's physician reported that, during his examination of claimant, she informed him that "[she] has elected to not work in the paralegal field." While denying making such a statement, claimant did admit that, for an eight-month period in 2005, she limited her search for employment because she was caring for an elderly relative. More importantly, claimant failed to present any evidence at the hearing that her inability to obtain employment as a paralegal was caused by or related to her permanent disability (*see Matter of Sanchez v Consolidated Edison Co. of N.Y.*, 40 AD3d at 1154; *Matter of Rothe v United Med. Assoc.*, 18 AD3d 1093, 1094 [2005]). In addition, no medical evidence submitted on behalf of claimant that her partial disability— from which she was cleared for light duty—prevented her from obtaining employment in the paralegal field for which she had been trained. As such, substantial evidence supports the Board's determination that she failed to maintain an attachment to the labor market (*see Matter of Rothe v United Med. Assoc.*, 18 AD3d at 1094).

Mercure, J.P., Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.