■ In the Matter of the Claim of MELISSA VANWINKLE, Respondent, v HARDEN FURNITURE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [882 NYS2d 523]—

Cardona, P.J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed May 4, 2007 and April 18, 2008, which ruled that claimant did not voluntarily withdraw from the labor market.

Claimant, a woodworker, sustained a work-related injury to her back in October 2004. She returned to work in January 2005 with the restriction that she not lift anything over 10 pounds. Claimant continued her employment under that restriction until the summer of 2005 when she requested a transfer to a less physically demanding office position. In August 2005, after being informed that such positions were not available, claimant resigned. Thereafter, she obtained employment with lower pay but less strenuous physical requirements.

Subsequently, the employer challenged the temporary award of reduced earnings, raising the issue of whether claimant voluntarily withdrew from the labor market as a result of her resignation to pursue other employment. Following a hearing, a Workers' Compensation Law Judge determined, among other things, that claimant did not voluntarily remove herself from the labor market. Upon review, the Workers' Compensation Board affirmed that determination, first on May 4, 2007 and again in an amended decision on April 18, 2008. The employer appeals both decisions.

"Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed" (*Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer*, 272 AD2d 808, 808 [2000] [citation omitted]; *accord Matter of Grant v Niagara Mohawk Power Co.*, 53 AD3d 972, 973 [2008]). Here, the record contains substantial evidence in support of the Board's determination. Claimant testified that her decision to resign was prompted by the injury to her back and her continuing pain while performing her assigned duties. Moreover, prior to initially requesting a transfer to an office position and eventually resigning, claimant's treating chiropractor indicated to her that the physical requirements of her employment as a woodworker would prevent her from fully recovering from her injury and suggested a change in employment to a less strenuous position. Inasmuch as the record supports a finding that claimant's back injury motivated her to resign and seek new employment, we decline to disturb the Board's decision (*see Matter of Disarno v Mattel/Fisher Price Inc.*, 25 AD3d 969, 970 [2006]; *Matter of Elwood v K-Mart Corp.*, 289 AD2d 794, 795 [2001]; *Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer*, 272 AD2d at 808).

Mercure, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the decision and amended decision are affirmed, with costs to claimant.