■ In the Matter of the Claim of THOMAS A. MAGERKO, Appellant, v EDWIN B. STIMPSON COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [890 NYS2d 149]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 29, 2008, which, among other things, ruled that claimant voluntarily withdrew from the labor market.

Claimant has an established permanent partial disability due to a variety of ailments related to a 1990 work-related injury. In June 2003, claimant was laid off when his employer moved part of its operations out of state. Following hearings, a Workers' Compensation Law Judge found that, among other things, claimant had not voluntarily withdrawn from the labor market following his layoff. Upon review, the Workers' Compensation Board disagreed and rescinded all awards from June 2003 onward. Claimant now appeals and we affirm.

Whether a claimant has voluntarily withdrawn from the labor market is an issue of fact for the Board to resolve, and its resolution of that issue will not be disturbed if supported by substantial evidence in the record (*see Matter of VanWinkle v Harden Furniture*, 63 AD3d 1360, 1361 [2009]; *Matter of Donovan v BOCES Rockland County*, 63 AD3d 1310, 1312-1313 [2009]). Inasmuch as claimant's loss of employment was due to a layoff unrelated to his disability and the Board made no finding of involuntary retirement, the burden rests on claimant to demonstrate "by substantial evidence that his disability contributed to his continued unemployment" (*Matter of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052 [2006]; *see Matter of Stevenson v Sunoco Flexible Packaging*, 43 AD3d 1260, 1261 [2007]).

The testimony in this case reveals that claimant collected unemployment insurance benefits and made some effort to locate work soon after he was laid off. That job search, however, amounted to preparing a resume, submitting it to an unspecified number of potential employers at job fairs and attending one interview. Although claimant stated that his physical constraints prevented him from doing the job for which he interviewed, there is no indication that he asked that potential employer to accommodate his disability. Thereafter, claimant began receiving Social Security disability benefits and moved to Florida in 2004, and he has made no subsequent effort to find a job. Claimant alleges that this failure to seek employment is due to his work-related disability, but the physicians who have examined claimant agree that he is capable of working within certain limitations. In our view, the foregoing constitutes substantial evidence to support the Board's determination that claimant voluntarily withdrew from the labor market after he was laid off (*see Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]; *Matter of Walby v Volt Info. Science*, 292 AD2d 740, 740-741 [2002]; *Matter of Benesch v Utilities Mut. Ins. Co.*, 263 AD2d 585, 585 [1999]).

Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.