■ In the Matter of the Claim of FRANK GARIFO, Appellant, v PATHMARK STORES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondents. [895 NYS2d 607]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 19, 2008, which, among other things, ruled that claimant voluntarily withdrew from the labor market.

Claimant sustained a work-related injury to his lower back in November 2001 and was awarded workers' compensation benefits until his return to work in March 2002. In January 2006, claimant sought to reopen his case claiming that his condition had worsened and he was unable to work. By decision dated January 8, 2007, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled, among other things, that credible medical

testimony established claimant's causally-related partial disability as of January 2006 and the matter was continued for further development of lost time. At a subsequent hearing on March 22, 2007, claimant testified that he ceased employment in February 2006 when his employer closed the store where he worked as a deli clerk. Claimant indicated he made no effort to seek employment or retraining given his application for and subsequent approval of Social Security disability benefits to him in November 2006. Based on that testimony, the employer raised the issue of voluntary withdrawal from the labor market which, in turn, prompted claimant to allege a total industrial disability. By decision dated November 29, 2007, the WCLJ ruled, among other things, that claimant was relieved of his obligation to seek work given his receipt of Social Security disability benefits and was entitled to workers' compensation benefits for the period from May 16, 2006 (the date upon which claimant applied for Social Security disability benefits) until October 9, 2007 (when he was reexamined by the employer's medical consultant). An award of benefits for that time period was thereafter entered by decision dated January 8, 2008.

The employer appealed and the Workers' Compensation Board reversed the WCLJ, determining, among other things, that claimant's loss of earnings and cessation of employment were unrelated to his compensable partial disability and, therefore, he was not entitled to an award of benefits for the period of time subsequent to March 22, 2007—the date the employer first raised claimant's voluntary withdrawal from the labor market. This appeal ensued.

Whether a claimant has voluntarily withdrawn from the labor market presents a factual issue for resolution by the Board and its determination will not be disturbed if supported by substantial evidence (see Matter of Magerko v Edwin B. Stimpson Co., Inc., 67 AD3d 1267, 1268 [2009]; Matter of Griffin v Syracuse Rigging Co., 259 AD2d 925, 926 [1999]). Where, as here, claimant's loss of employment was due to circumstances unrelated to his partial disability and no finding of involuntary retirement was made by the Board, "the burden rests on claimant to demonstrate 'by substantial evidence that his disability contributed to his continued unemployment' " (Matter of Magerko v Edwin B. Stimpson Co., Inc., 67 AD3d 1267, 1268 [2009], quoting Matter of Gross v BJ's Wholesale Club, 29 AD3d 1051, 1052 [2006]).

Claimant testified that he probably would have continued to work had the employer not closed the store. Additionally, the November 2006 opinion of the independent medical examiner,

as well as other medical testimony, established that claimant was capable of resuming employment despite any disability. This evidence, together with claimant's admission that he made no effort to find employment or seek retraining, provides substantial support for the Board's decision that claimant voluntarily withdrew from the labor market (*see Matter of Magerko v Edwin B. Stimpson Co.*, 67 AD3d at 1268), notwithstanding evidence in the record that could support a contrary conclusion.

Claimant's contention that the Board improperly disregarded his claim for lost earnings from March 1, 2002 to February 2006 is unpreserved for our review inasmuch as the disability and compensation periods were determined in the WCLJ's decisions, which were not thereafter challenged by claimant (*see Matter of Nomikos v Ionic Painting Corp.*, 27 AD3d 843, 843-844 [2006], *lv denied* 7 NY3d 701 [2006]).

We have reviewed claimant's remaining contentions, including that the matter should be remitted for further development of the record regarding a total industrial disability, and find them to be unpersuasive.

Mercure, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.