Stein, J.
Appeal from a decision of the Workers’ Compensation Board, filed May 12, 2008, which ruled, among other things, that claimant voluntarily removed herself from the labor market.
Claimant was employed as a senior administrative aide by the New York City Police Department. In May 2002, claimant applied for workers’ compensation benefits claiming injuries to her hands, neck and back due to repetitive movement associated with her employment. A work-related injury to the neck and back was ultimately established, which was later amended to include bilateral carpal tunnel syndrome, and she was awarded benefits for intermittent lost time between January 2002 to July 2004. Claimant continued to work for the employer until March 25, 2005, contending at that point that her injuries *1147 prevented her from completing her work-related duties. In January 2006, claimant filed a request for further action, asserting that she had missed a significant amount of time from work prior to March 2005 and that she was now totally disabled from working.* Following hearings, a Workers’ Compensation Law Judge determined that claimant had voluntarily removed herself from the labor market and denied her additional workers’ compensation benefits. On review, the Workers’ Compensation Board modified, finding that the record needed to be further developed regarding claimant’s entitlement to awards for lost intermittent time between July 2004 and March 25, 2005, but affirmed the determination that claimant had voluntarily removed herself from the labor market. Claimant now appeals.
“Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board’s resolution of that issue will not be disturbed” (Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer, 272 AD2d 808, 808 [2000] [citation omitted]; accord Matter of Disarno v Mattel/Fisher Price Inc., 25 AD3d 969, 970 [2006]). It is well settled, however, that “a retirement is an involuntary withdrawal if the claimant’s disability caused or contributed to the decision to retire” (Matter of Pittman v ABM Indus., Inc., 24 AD3d 1056, 1057 [2005]; see Matter of Price v Hudson Correctional Facility, 24 AD3d 820, 821 [2005]; Matter of Yannucci v Consolidated Freightways, 6 AD3d 945, 946 [2004]). Based upon our review of the record, we do not find substantial evidence to support the Board’s determination that claimant voluntarily withdrew from the labor market on March 25, 2005. Although the Board found that claimant “was able to perform her regular job duties without restriction on a full-time basis until removing herself from the labor market,” there is a complete absence of evidence to support such finding. In fact, there is substantial evidence to the contrary. For example, a C-4 form completed by claimant’s treating physician, Marc Levinson, based on an examination performed on February 16, 2005 indicates that claimant was partially disabled from performing her regular job duties at that time. Additionally, a C-4 form completed by physician Dwiref Mehta on June 17, 2004 reflects that claimant was suffering from a permanent partial disability from her work duties due to bilateral carpal tunnel syndrome. Further, claimant presented evidence that she missed time in August 2004, October 2004, December 2004 and January 2005 based upon her established work injury. While the Board dis *1148 credited Levinson’s finding of a total permanent disability as being based on claimant’s subjective complaints, Levinson testified that he based his finding of permanency on the lack of a change in her condition in the five years since her original application for benefits. This lack of improvement prompted Levinson, as early as August 2005, to suggest to claimant that she consider retirement. Based upon this evidence, and the lack of any evidence to indicate an alternative reason for claimant’s decision to discontinue working, we conclude that the Board’s determination that claimant’s disability did not contribute to her ’ withdrawal from the labor market is not supported, by substantial evidence. Claimant’s remaining argument is rendered academic by our holding.
Peters, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

 Claimant eventually retired in November 2006.