■ In the Matter of the Claim of MARY FALLON, Appellant-Respondent, v SYRACUSE CITY SCHOOL DISTRICT et al., Respondents-Appellants. WORKERS' COMPENSATION BOARD, Respondent. [908 NYS2d 468]—

Garry, J. (1) Cross appeals from a decision of the Workers' Compensation Board, filed February 13, 2009, which ruled, among other things, that claimant had involuntarily retired, (2) appeal from a decision of said Board, filed December 3, 2009, which denied claimant's application for reconsideration or full Board review, and (3) appeal from a decision of said Board, filed December 4, 2009, which denied the application of the employer and its third-party administrator for reconsideration or full Board review.

Claimant, a teacher, sustained a neck injury in 2005 while moving heavy items around a classroom. She has never been cleared to return to work and, in 2006, retired. Her workers' compensation claim was established, and a Workers' Compensation Law Judge determined that her injury constituted a permanent partial disability that had contributed to her decision to retire. Upon review, the Workers' Compensation Board initially found that claimant had voluntarily withdrawn from the labor market. The Board later rescinded that decision and determined that, while claimant's decision to retire was related to her disability, the medical evidence did not support a finding of permanent partial disability, and suspended her benefits beyond the period when she was demonstrably disabled. These cross appeals ensued.*

We affirm. Contrary to claimant's argument, the Board was free to assess the duration and severity of her disability notwithstanding the failure of the employer and its third-party administrator to raise that issue in its application for Board review (see Workers' Compensation Law § 123; Matter of Naylon v Erie County Highway Dept., 14 AD3d 932, 932-933 [2005]). Upon the merits, an orthopedic surgeon who conducted an independent medical examination of claimant offered no firm opinion as to the permanency of her disability. Claimant's treating orthopedist opined that claimant's disability "most likely" would not improve, but had not examined her for several months, had no knowledge of her current condition and admitted that improvement was possible. Given this equivocal evidence, the Board could properly determine that claimant failed to establish the existence of a permanent partial disability (see

* Inasmuch as none of the parties addresses the appealed-from decisions denying their applications for full Board review, those appeals are deemed abandoned (see Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 984 n 3 [2010]).

*Matter of Scheriff v Wichmann Co., Inc.*, 18 AD3d 1060, 1062 [2005]; *Matter of Lawton v Endicott Johnson Corp.*, 8 AD2d 880 [1959]).

Similarly, substantial evidence supports the Board's finding that claimant involuntarily retired in that her "disability caused or contributed to the decision to retire" (*Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057 [2005]; *see Matter of VanWinkle v Harden Furniture*, 63 AD3d 1360, 1361 [2009]). Claimant testified that she did not want to retire, but saw no viable way of rendering her job tolerably sedentary, and both she and her physician believed she was incapable of working as a teacher. Her treating physician denied directing her to retire, but did discuss the issue with her and opined that she could not perform her work duties given her disability. As that evidence supports a finding that claimant's disability contributed to her decision to retire, we will not disturb the Board's determination (*see Matter of VanWinkle v Harden Furniture*, 63 AD3d at 1361; *Matter of Disarno v Mattel/Fisher Price Inc.*, 25 AD3d 969, 970 [2006]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.

