■ In the Matter of the Claim of THOMAS O'ROURKE, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK et al., Respondents. [909 NYS2d 169]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 9, 2009, which ruled that claimant voluntarily removed himself from the labor market.

Claimant, a mechanic, sustained a work-related injury to his right knee in January 2006 and was awarded workers' compensation benefits. Although claimant returned to work two days later, he had total right knee replacement surgery in May 2006 and returned to light duty work in July 2006. In September 2006, claimant was placed on permanent restriction from his position as a mechanic and the employer started him on a job training program to learn computer skills. Claimant failed the job training program and, on March 12, 2007, he was informed that there was no longer a budgeted position available for him. Claimant subsequently took regular retirement with over 35 years of service. After claimant raised the issue of consequential injuries to his other (left) knee and back, the employer raised the issue of voluntary removal from the labor market. A workers' compensation law judge ultimately found a consequential injury to the left knee and back and that claimant had involuntarily withdrawn from the labor market, and awarded claimant benefits from March 12, 2007 to July 31, 2008. On review, the Workers' Compensation Board reversed the finding of an involuntary withdrawal from the labor market and rescinded claimant's postretirement compensation benefits. Claimant now appeals.

We affirm. "Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed" (*Matter of Beehm v Educational Opportunity Ctr., County of Rensselaer,*

272 AD2d 808, 808 [2000] [citation omitted]; *accord Matter of VanWinkle v Harden Furniture*, 63 AD3d 1360, 1361 [2009]). Here, an orthopedic surgeon who examined claimant on behalf of the employer testified that, although claimant was disabled from working as a mechanic, he was able to perform light duty work. Claimant's treating physician also testified that claimant was disabled from his position as a mechanic but was able to perform sedentary work. Claimant also presented the reports of another orthopedic surgeon who assessed claimant as being totally permanently disabled.

Claimant testified, however, that he had performed light duty work for the employer for 40 hours per week without a problem for eight months prior to his retirement and that he could have remained working in that capacity had the employer continued the position. Claimant also testified that he was able to exercise regularly, do some household chores and drive a car. In light of claimant's admitted physical abilities, and the expert opinions concerning claimant's ability to do sedentary work, the Board acted within its discretion in rejecting a finding of total permanent disability (*see Matter of Johnson v County of Clinton*, 46 AD3d 1175, 1176 [2007]). Further, based upon claimant's admission to not seeking employment after his retirement and the lack of evidence that claimant's failure to find employment was based on his disability, we find that the Board's determination that claimant voluntarily removed himself from the labor market by not seeking work within his medical limitations is supported by substantial evidence (*see Matter of Stevenson v Sunoco Flexible Packaging*, 43 AD3d 1260, 1260 [2007]; *Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 1153, 1154 [2007]; *Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]). Finally, claimant's voluntary removal from the labor market and admitted failure to seek further employment renders the record devoid of proof of a causally related loss of earnings (*see Matter of Ilovar v Consolidated Edison*, 28 AD3d 1026, 1027 [2006]).

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.