■ In the Matter of the Claim of ALTAGRACIA GERMAN, Appellant, v TARGET CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 562]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 13, 2009, which, among other things, ruled that claimant voluntarily withdrew from the labor market.

In March 2006, claimant sustained a work-related injury to her head, neck and back while working as a cleaner in one of the employer's stores when, as she stood up after bending over to pick trash off the floor, she banged her head on a sprinkler valve. Claimant sustained further injury to her lower back while getting on an examination table for an independent medical examination evaluation. Following a hearing, a workers' compensation law judge determined that claimant was permanently partially markedly disabled and awarded workers' compensation benefits. Upon review, the Workers' Compensation Board agreed that claimant suffered a permanent partial disability, but found that claimant voluntarily withdrew from the labor market and, accordingly, that she is not entitled to receive benefits past the date of her November 2008 hearing. On claimant's appeal, we now affirm.

"Whether a claimant has voluntarily withdrawn from the labor market is an issue of fact for the Board to resolve, and its resolution of that issue will not be disturbed if supported by substantial evidence in the record" (*Matter of Magerko v Edwin B. Stimpson Co., Inc.*, 67 AD3d 1267, 1268 [2009] [citation omitted]; *see Matter of VanWinkle v Harden Furniture*, 63 AD3d 1360, 1361 [2009]). In situations such as this, where the claimant has a permanent partial disability, the Board may consider whether the claimant has "demonstrate[d] attachment to the labor market with evidence of a search for employment within medical restrictions" when determining whether the claimant's separation from the labor market was voluntary (*Matter of Peck v James Sq. Nursing Home*, 34 AD3d 1033, 1034 [2006]; *see Burns v Varriale*, 9 NY3d 207, 216 [2007]; *Matter of Rothe v United Med. Assoc.*, 18 AD3d 1093, 1094 [2005]; *Matter of Capezzuti v Glens Falls Hosp.*, 282 AD2d 808, 809-810 [2001]).

Here, claimant testified that she had not worked since the day of her accident and admitted that she had made no attempt to look for work. Under these circumstances, we have no basis to disturb the Board's factual finding that claimant's withdrawal from the workforce was voluntary (*see Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 1153, 1154 [2007]; *Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]).

Claimant's contention that she was entitled to a presumption that her earning capacity was reduced by her disability is misplaced as the cases upon which she relies involve situations where the threshold finding of involuntary separation had already been made (*see Matter of Laing v Maryhaven Ctr. of Hope*, 39 AD3d at 1126; *cf. Matter of Leeber v LILCO*, 29 AD3d 1198, 1199 [2006]; *Matter of Pittman v ABM Indus., Inc.*, 24 AD3d 1056, 1057 [2005]; *Matter of Jiminez v Waldbaums*, 9 AD3d 99, 100-101 [2004]).

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.