■ In the Matter of the Claim of BARBARA HESTER, Appellant, v HOMEMAKERS UPSTATE GROUP et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 762]—

Spain, J.P.

In 2006, claimant sustained compensable injuries to her right hip and back in the course of her work as a home health aide, and those injuries were eventually found to constitute a permanent partial disability. Thereafter, a Workers' Compensation Law Judge conducted a hearing on the issue of whether claimant remained attached to the labor market and determined that she was. The Workers' Compensation Board reversed, finding that claimant had voluntarily withdrawn from the labor market, and she now appeals.

We affirm. In determining that claimant had sustained a permanent partial disability, the Workers' Compensation Law Judge credited the opinion of a physician who examined claimant, reviewed her medical records and found that she could return to work with restrictions. Claimant did not appeal to the Board from that determination, and the Board had not previously determined that she had withdrawn from the labor market; accordingly, she was obliged "to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" in order to receive continuing workers' compensation benefits (*Matter of Peck v James Sq. Nursing Home*, 34 AD3d 1033, 1034 [2006]; *see Matter of O'Rourke v Consolidated Edison Co. of N.Y.*, 77 AD3d 1031, 1032 [2010]; *Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 1153, 1154 [2007]). In that regard, claimant admitted that she had not looked for work since her injury and did not plan on doing so in the future. Substantial evidence thus supports the Board's determination that she had voluntarily withdrawn from the labor market (*see Matter of German v Target Corp.*, 77 AD3d 1126, 1126-1127 [2010]; *Matter of O'Rourke v Consolidated Edison Co. of N.Y.*, 77 AD3d at 1032).

Claimant's remaining contentions, to the extent they are properly before us, have been examined and found to be without merit.

■■■■■■■■■■■■■■

Stein, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.