■ In the Matter of THOMAS BOBBITT, Appellant, v PETER CHARBONNEAU CONSTRUCTION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [925 NYS2d 684]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed November 6, 2009, which ruled that claimant voluntarily withdrew from the labor market.

In 1998, claimant sustained injuries to his neck, shoulder and back in the course of his employment as a construction worker and was thereafter awarded workers' compensation benefits. The parties agreed via stipulation that claimant was permanently partially disabled, but the employer's workers' compensation carrier later contended that claimant had voluntarily removed himself from the labor market and, as a result, his benefits should be discontinued. Following a hearing, the Workers' Compensation Law Judge found that because claimant had unrelated health problems that rendered him unable to work, he had not voluntarily separated from the labor market. Upon review, the Workers' Compensation Board disagreed and discontinued claimant's benefits. Claimant now appeals.

"Where a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (*Matter of Peck v James Sq. Nursing Home,* 34 AD3d 1033, 1034 [2006] [citations omitted]; *see Matter of Hester v Homemakers Upstate Group,* 82 AD3d 1461 [2011]; *Matter of Hare v Champion Intl.,* 50 AD3d 1254, 1255 [2008], *appeal dismissed* 11 NY3d 863 [2008]; *Matter of Laing v Maryhaven Ctr. of Hope,* 39 AD3d 1125, 1126 [2007], *lv denied* 9 NY3d 805 [2007]). "Whether a claimant has voluntarily withdrawn from the labor market is an issue of fact for the Board to resolve, and its resolution of that issue will not be disturbed if supported by substantial evidence" (*Matter of German v Target Corp.,* 77 AD3d 1126, 1126 [2010] [internal quotation marks omitted]; *see Matter of Laing v Maryhaven Ctr. of Hope,* 39 AD3d at 1126). Here, claimant's unrelated health condition and his compensable injury, while preventing him from working in the construction industry, did not render him so disabled that he could not pursue other employment. Claimant admits that he has not worked nor sought employment since shortly after his accident and has failed to participate in

vocational and educational services to which he was referred. Thus, substantial evidence supports the Board's determination that claimant's separation from the labor market is voluntary in that it is due to causes other than his compensable injuries (*see Matter of Hester v Homemakers Upstate Group*, 82 AD3d at 1461).

Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.