Stein, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 23, 2010, which ruled that claimant voluntarily removed herself from the labor market.
In August 1998, claimant, an accountant, ceased working and subsequently applied for workers’ compensation benefits, claiming, among other things, injuries to her arms, hands, shoulders, elbows, back and neck based upon repetitive movement associated with her employment. In 2001, her claim was established for bilateral carpal tunnel syndrome, with a date of disablement of November 3, 1998. Surgery was authorized for claimant’s back in 2003 and, in 2006, the parties stipulated that claimant was permanently partially disabled.[1] In 2009, the employer’s workers’ compensation carrier submitted a request for further action to determine whether claimant was seeking employment within her medical restrictions as “a WA-1 was not filled out by the claimant referable to whether she was retired or whether she was looking for work.”[2] Following a hearing, a Workers’ Compensation Law Judge denied the carrier’s application to suspend benefits, finding that claimant did not voluntarily remove herself from the labor market. The carrier appealed and, on review, the Workers’ Compensation Board reversed, concluding that claimant had voluntarily withdrawn from the labor market by failing to search for work within her medical restrictions. Claimant now appeals.
We affirm. “Whether a claimant has voluntarily withdrawn from the labor market is an issue of fact for the Board to resolve, and its resolution of that issue will not be disturbed if supported by substantial evidence in the record” (Matter of Magerko v Edwin B. Stimpson Co., Inc., 67 AD3d 1267, 1268 [2009] [citation omitted]; accord Matter of German v Target Corp., 77 AD3d 1126, 1126 [2010]). Under the particular facts and circumstances of this case, claimant was required to demonstrate her attachment to the labor market with evidence of a search for employment within her medical restrictions (see Matter of Bobbitt v Peter Charbonneau Constr., 85 AD3d 1351, 1351 [2011]; Matter of Peck v James Sq. Nursing Home, 34 AD3d 1033, 1034 [2006]). The record here contains medical evidence indicating that claimant was capable of performing sedentary work. *1113 However, claimant admitted at the hearing that she did not search for any work from 1998 until June 2009 and had only recently applied for two sedentary jobs. Although there was evidence that could support a contrary result, inasmuch as substantial evidence exists to support the Board’s determination that claimant voluntarily removed herself from the labor market, we decline to disturb it (see Matter of Hester v Homemakers Upstate Group, 82 AD3d 1461, 1461 [2011], lv denied 17 NY3d 704 [2011]; Matter of German v Target Corp., 77 AD3d at 1127).
Claimant’s remaining contentions have been examined and are unavailing.
Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

. The stipulation did not specify the basis of claimant’s disability.

. A WA-1 (work activity form) is a “form periodically sent to claimants requesting certification of current employment status and continued entitlement to worker[s’] compensation benefits” (Guide to Common Workers’ Compensation Terms, http://www.nysif.com/Workers_Compensation/ About_Workers_Compensation/Glossary.aspx [accessed May 2, 2012]).