*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 12, 2015                    519180
_____

In the Matter of the Claim of
    BIENVENIDO APONTE,
                    Appellant,

        v

NBTY, INC., et al.,                        MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  January 14, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

_____


        Turley Redmon Rosasco LLP, Ronkonkoma (John F. Clennan of
counsel), for appellant.

        Vecchione, Vecchione & Connors, LLP, Garden City Park
(Heather N. Babits of counsel), for NBTY, Inc. and another,
respondents.

_____


Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 23, 2013, which ruled that claimant voluntarily
removed himself from the labor market.

        Claimant was injured in March 2009 when a coworker
assaulted him, and his case was established for an injury to the
neck, back and knee.  Claimant stopped working and, in 2010, the
Workers' Compensation Board determined that he had voluntarily
removed himself from the labor market.  In February 2011,

claimant first found work with a pharmaceutical company and then as a security guard until his contract expired in August 2011. Claimant did not work thereafter and had surgery on his neck and back in December 2011 and May 2012, respectively. Following the 2011 surgery, claimant was found to have a marked partial disability but, after the 2012 surgery, his pain was significantly improved and he was found to have a moderate partial disability. The Board ultimately concluded that claimant failed to show attachment to the labor market and, thus, that he was not entitled to an award for lost time after August 2011. Claimant appeals and we affirm.

"[B]efore awarding wage replacement benefits in a nonschedule permanent partial disability case," the Board is required to determine "whether a claimant has maintained a sufficient attachment to the labor market" (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012] [internal quotation marks and citations omitted]). That is, the Board must determine whether a claimant's "reduced earning capacity is due to the disability, not . . . factors unrelated to the disability" (id.) [internal quotation marks and citation omitted]). Here, claimant testified that he stopped working in August 2011 because his contract as a security guard ended, a factor unrelated to his disability. Claimant stated that he made no subsequent attempt to search for employment within medical restrictions because he was awaiting surgery, but admitted that his doctors did not suggest surgery to him until approximately three months after he ceased working, and that they had not told him that he could not work. Although he had submitted applications to "[w]ork agencies" prior to the time that he ceased working, claimant admitted that he did not prepare a resume or contact the Department of Labor to obtain rehabilitation services after August 2011. Under these circumstances, we are constrained to find that substantial evidence supports the Board's determinations that claimant's separation from the labor market was voluntary and that he failed to demonstrate that his reduction in earnings was causally related to his disability (see Matter of Launer v Euro Brokers, 115 AD3d 1130, 1131-1132 [2014], lv denied 23 NY3d 906 [2014]; Matter of Bobbitt v Peter Charbonneau Constr., 85 AD3d 1351, 1351-1352 [2011]; see also Matter of Winters v Advance Auto Parts, 119 AD3d 1041, 1042-1043

[2014]).

Peters, P.J., McCarthy and Garry, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court